543 So.2d 594 (1989)
HONEYWELL, INC.
v.
Jose A. SIERRA, d/b/a Latin Supermarket.
No. 88-CA-1158.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
*595 David Pick, Greenberg & Dallam, Gretna, for plaintiff-appellant.
Romualdo Gonzalez, Murray, Braden, Gonzalez & Richardson, New Orleans, for defendant-appellee.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
Plaintiff, Honeywell, Inc., instituted this action against Jose Sierra, an individual doing business under the trade name, Latin Supermarket, to enforce the terms of a contract to install burglar alarm equipment and provide services for defendant, Jose Sierra's, supermarket. Defendant filed an "exception" of no right and no cause of action which was maintained by the trial court on the basis that Latin Supermarket was a corporation. Plaintiff now appeals.
We first note that there is no single "exception" called no right and no cause of action. These are two separate and distinct peremptory exceptions. La.C.C.P. art. 927; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
The purpose of the exception of no cause of action is to determine the sufficiency in law of the plaintiff's petition. The exception is tried on the face of the petition and no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. arts. 927, 931; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). In considering an exception of no cause of action, the correctness of fact is conceded and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting his evidence. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Carmouche v. Oubre, 394 So.2d 805 (La. App. 4th Cir.1981).
Plaintiff's petition stated in part:

I.
"Defendant, Jose Sierra, d/b/a Latin Supermarket, a person of the full age of majority and a resident of this State and Parish, is justly and fully indebted unto petitioner in the full and true sum of One Thousand Three Hundred Ninety-eight and 10/100 ($1,398.10) Dollars, all just credits allowed, for this, to-wit:

II.
On June 22, 1979, petitioner and defendant entered into a written contract of lease, a copy of which is annexed hereto. Said contract was signed by defendant, Jose Sierra as owner of Latin Supermarket. The object of the aforesaid agreement was the provision of certain protection services in form of burglar alarm equipment and services to the defendant's premises at 1800 North Broad, New Orleans, Louisiana.

. . . . .

V.
Defendant has failed to comply with its obligations under the terms of the contract in that it has paid no sums whatsoever to petitioner herein since July of 1979, despite having received and made use of the leased equipment and services provided by petitioner, without complaint. Petitioner avers that defendant is now seventeen months in arrears, for a total of $1045.50 charges past due."
The trial court appears to have sustained an exception of no cause of action. It found that the contract was signed by Jose Sierra as president of a corporation titled Latin Supermarket. Although the *596 petition states that a copy of the contract at issue is attached, apparently, plaintiff inadvertently forgot to attach one. However, a copy is contained in the record. Since plaintiff refers to the contract and the copy of it believed to have been attached to the petition, we will examine the trial court's action as if the contract had been annexed to the petition.
The contract names Latin Supermarket as the subscriber. It is signed by Jose A. Sierra and next to the designation "title" is an illegible word which could very well be the abbreviation "Pres." Nowhere is there an indication that the Latin Supermarket is a corporation. The trial court properly limited its trial of the exception of no cause of action to the petition and the "annexed" contract. However, the trial court erred in maintaining the exception. Plaintiff's petition clearly sets forth a lawful cause of action against the defendant, Jose Sierra. As to the annexed contract, the capacity in which a party executes a document is largely a matter of intent which is determined from the circumstances of the transaction. American Bank & Trust Co. of Houma v. Wetland Workover, Inc., 523 So.2d 942 (La.App. 4th Cir.1988). It was improper, therefore, for the trial court to look at the contract, conclude it only bound a corporation, and find that, accordingly, the plaintiff failed to state a lawful cause of action against the individual defendant.
The essential function of an exception of no right of action is to raise the question of whether a given legal remedy may be invoked by a particular plaintiff or class of plaintiffs. It relates solely to the person of the plaintiff. Board of Louisiana, Fifth Louisiana Levee District v. Commission on Ethics for Public Employees, 457 So.2d 802 (La.App. 1st Cir.1984); Henry v. State, Department of Health and Human Resources, 435 So.2d 565 (La.App. 3rd Cir. 1983), writ denied, 441 So.2d 750 (La.1983). An exception of no right of action cannot be used to determine whether a defendant can stand in judgment or to urge that plaintiff has no right of action because there is a valid defense. In re Tutorship of Werling, 459 So.2d 758 (La.App. 4th Cir.1984); Steadman v. Sladovich, 430 So. 2d 816 (La.App. 5th Cir.1983).
Defendant's exception of no right of action is premised on his assertion that an improper party was named as a defendantthat the proper defendant is a corporation, not Jose Sierra in his individual capacity. This is simply a defense and a consideration of it must be deferred to the merits. If the trial court maintained an exception of no right of action in the case at bar it was error.
For the foregoing reasons we reverse the judgment of the trial court and remand the case to the trial court for further proceedings. Costs of this appeal are assessed against the defendant-appellee; other costs are to be assessed after the outcome of the case.
REVERSED AND REMANDED.