804 So.2d 856 (2001)
WIRTHMAN-TAG CONSTRUCTION COMPANY, L.L.C.
v.
James and Jane HOTARD.
Wirthman-Tag Construction Company, L.L.C.,
v.
Robert B. Anderson, Consulting Engineers, Inc., Robert B. Anderson, and James Hotard, Sr.
Nos. 2000-CA-2298, 2000-CA-2299.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 2001.
*858 Thomas A. Gennusa, II, Gina Gennusa Piacun, Kelly E. Barbier, The Law Offices of Thomas A. Gennusa, II, Metairie, LA, Counsel for Plaintiff/Appellee.
Vallerie Oxner, Metairie, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judges JOAN BERNARD ARMSTRONG, and TERRI F. LOVE.
WILLIAM H. BYRNES, III, Chief Judge.
Defendants/third-party plaintiffs, James and Jane Hotard, appeal the July 11, 2000 judgment granting the exception of no right of action of plaintiff-appellee, Wirthman-TAG Construction Company, L.L.C. ("Wirthman-TAG") with respect to a third-party-demand filed by the third-party plaintiffs, the Hotards against the third-party defendants, Thomas A. Gennusa, III and Ronald Wirth, Jr. We reverse.
On June 26, 1998, the Hotards entered into a construction agreement with "Wirthman-TAG Construction" for construction of a residence at 6800 General Haig Street, New Orleans, Louisiana. That agreement was signed "Wirthman-TAG Const. By: Thomas A. Gennusa, III and Ronald Wirth, Jr."
Shortly after construction began, a problem arose which resulted in a settlement agreement between the Hotards and "Wirthman/TAG Construction, L.L.C." Construction resumed, but stopped again with Wirthman-TAG claiming that the Hotards *859 made numerous changes to the original plans and failed to timely pay amounts due under the construction agreement.
On September 9, 1999, Wirthman-TAG filed a petition for declaratory judgment against the Hotards seeking, inter alia, to have the construction contract dissolved or modified to ensure timely payment to petitioners. The Hotards answered that petition and filed a reconventional demand against Wirthman-TAG. The Hotards also filed a third-party demand against Gennusa and Wirth, individually.
Wirthman-TAG, rather than Gennusa and Wirth, filed an exception of no cause of action/no right of action to the Hotards' reconventional demand and third-party complaint based on its assertion that Gennusa and Wirth had at all times acted on behalf of Wirthman-TAG Construction Company and not in their individual capacities. On July 11, 2000, the trial court granted the exception of no right of action as to Gennusa and Wirth, finding that "[t]here is no right of action as to the individual members of Wirthman-Tag Construction Company, L.L.C. Defendants knew or should have known that only the corporation should be sued in this matter." The Hotards appealed.
At issue on appeal is whether the trial court erred in granting Wirthman-TAG's peremptory exception of no cause and no right of action.
A no cause of action and no right of action are two separate and distinct peremptory exceptions. La. C.C.P. art. 927; Honeywell, Inc. v. Sierra, 543 So.2d 594 (La.App. 4 Cir.1989).

No Right of Action
The essential function of an exception of no right of action is to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(5). Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885, 888. The exception of no right of action relates solely to the person of the plaintiff. It cannot be used to determine whether a defendant can stand in judgment, nor can it be used to urge that the plaintiff has no right of action because there is a valid defense. Honeywell, supra, 543 So.2d at 596.
In the present case, the trial judge granted the exception of no right of action as to Gennusa and Wirth, stating that there was no right of action as to the individual members of Wirthman-TAG Construction Company, L.L.C. The defendants (third-party plaintiffs in the third-party demand, the Hotards) knew or should have known that only the corporation should be sued in this matter.
Wirthman-TAG is not the proper party to file the exception of no right of action because Wirthman-TAG has no interest in asserting the individuals' claim. Only the individuals, Thomas Gennusa, III and Ronald Wirth, Jr., are the proper parties to challenge the action by filing the exceptions on their own behalf. However, a trial or appellate court may notice a peremptory exception of no right of action on its own motion. Teacher's Retirement System v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984). Therefore, this court notices ex proprio motu that Wirthman-Tag has of no right of action to assert an exception of no right of action on behalf of the individuals, *860 Thomas Gennusa, III and Ronald Wirth, Jr.
Although evidence could be considered in determining an exception of no right of action, whether the defendant may be able to defeat the plaintiffs cause of action is immaterial to the determination of an exception of no right of action. Alside Supply Co. v. Ramsey, 306 So.2d 762 (La.App. 4 Cir.1975). Any evidence admitted which does not relate to the plaintiff's right of action must therefore be referred to the merits of the case. Northwest Ins. Co. v. Carpenters Dist. Council of New Orleans and Vicinity, 470 So.2d 218 (La. App. 4 Cir.1985). This rule includes affirmative defenses, which may not be raised through the peremptory exception of no right of action. See Comet Drilling Co. v. Tri-State Oil Tool Industries, Inc., 337 So.2d 567 (La.App. 2 Cir.1976).
In the present case, Gennusa and Wirth are not the third-party plaintiffs of the third-party-demand. Whether the third-party defendants, Gennusa and Wirth, may be able to defeat the plaintiff's cause of action is immaterial to the determination of an exception of no right of action. The assertion that Gennusa and Wirth were improperly named as third-party defendants in the plaintiffs-Hotards' third-party demand is a defense, consideration of which must be deferred to the merits.
Wirthman-TAG's exception of no right of action should be denied. The exception of no right of action on behalf of Gennusa and Wirth also should be denied.

No Cause of Action
The trial court did not rule on Wirthman-TAG's exception of no cause of action, considering that it granted the exception of no right of action. Because Wirthman-TAG has no interest in asserting the individuals' claim, only the individuals, Thomas Gennusa, III and Ronald Wirth, Jr., are the proper parties to challenge the action by filing the exception on their own behalf. However, a trial or appellate court may notice a peremptory exception of no cause of action on its own motion. Noble v. Armstrong, 93-841 (La. App. 5 Cir. 3/16/94), 635 So.2d 1199. Therefore, this court notices ex proprio motu a peremptory exception of no cause of action with respect to the individuals, Thomas Gennusa, III and Ronald Wirth, Jr.
The purpose of the exception of no cause of action is to determine the legal sufficiency of the plaintiff's petition. Generally, the exception is tried on the face of the petition and no evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. arts. 927(A)(4), 931; Reis v. Fenasci & Smith, 93-1785 (La. App. 4 Cir. 4/14/94), 635 So.2d 1319, 1321. However, the exception allows the court to consider evidence that is admitted without objection to enlarge the pleadings. Stephenson v. Nations Credit Financial Services Corp., 98-1688, 98-1689 (La.App. 1 Cir. 9/24/99), 754 So.2d 1011; Sivils v. Mitchell, 96-2528 (La.App. 1 Cir. 11/7/97), 704 So.2d 25.
The burden of proof is on the exceptor. Haspel & Davis Mill. & Planting Co. Ltd. v. Board of Levee Com'rs of Orleans Levee Dist., 95-0233 (La.App. 4 Cir. 9/4/96), 680 So.2d 159, writ denied 96-2430 (La.12/6/96), 684 So.2d 932. In reviewing trial court's ruling on exception of no cause of action, appellate court should conduct de novo review. All well-pleaded allegations of the petition must be accepted as true, and any doubt should be resolved in favor of maintaining the sufficiency of the petition and affording the plaintiff the opportunity to present his evidence. Id. If the court sustains the peremptory *861 exception of no cause of action, it must allow the plaintiff the opportunity to amend the petition within a reasonable period of time. If the plaintiff fails to timely amend and cure the defect, or if it is apparent that the defect cannot be corrected, the case should be dismissed. La. C.C.P. art. 934.
In the present case, the parties did not object to the evidence of the contract and the settlement agreement although the Hotards' third-party demand only referred to the contract as being annexed to the demand.
The Hotards claim that the trial court erred in granting the exception of no cause of action in favor of Gennusa and Wirth because they signed the construction contract in their individual capacities. They claim that nowhere in the contract is Wirthman-TAG Construction referred to as a limited liability company, nor does the contract indicate that Gennusa and Wirth were signing as agents for another entity.
In their third-party demand, the Hotards made the following allegations: that they entered into a building contract with Gennusa and Wirth individually; that Gennusa and Wirth failed to complete the house even after being placed in default; that as a result, they had to employ another contractor to complete the construction; that Gennusa and Wirth failed to construct the house in accordance with the architect's plans, drawings, and specifications; that they had discovered defects in the original construction and in the materials installed; and that Gennusa and Wirth had performed in a negligent and/or unworkmanlike manner. The Hotards claim that the first time that Wirthman-TAG was referred to as an "L.L.C." was in the settlement agreement that arose months after they had entered into the construction contract.
On behalf of Gennusa and Wirth, Wirthman-TAG maintains that the evidence shows that the Hotards were on notice that they were dealing with an L.L.C. and not its individual members. Wirthman-TAG refers to the construction contract, noting that it states that the contract is being entered into by and between "Wirthman-TAG Construction" and Mr. and Mrs. Jim and Jane Hotard. The only place where the names of Gennusa and Wirth appear in the three-page agreement is where they signed the contract "Wirthman-TAG Const. By: Ronald Wirth, Jr. and Thomas A. Gennusa, III." Wirthman-TAG points to the settlement agreement, in which Wirthman-TAG was clearly referred to as an "L.L.C." and in which it was noted that Wirthman-TAG was appearing through its authorized representatives. The settlement was signed on behalf of "Wirthman-TAG, L.L.C. By: Thomas A. Gennusa, III and By: Ronald Wirth, Jr." Counsel for the Hotards notarized the settlement. Wirthman-TAG claims that the Hotards knew of the agency relationship and understood that Gennusa and Wirth had signed the construction agreement on behalf of Wirthman-TAG and not in their individual capacities.
A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract. La. C.C. art. 3016. On the other hand, a mandatary who contracts in his own name without disclosing his status as a mandatary does bind himself personally for the performance of the contract. La. C.C. art. 3017. Generally, an agent will be held to have bound himself personally when he enters into an agreement without disclosing the identity of his principal. Frank's Door & Bldg. Supply, Inc. v. Double H. Const. Co., Inc., 459 So.2d 1273, 1275 (La.App. 1 Cir. 11/20/84). The agent *862 has the burden of proving that he disclosed his agency status and the identity of his principal if he wishes to avoid personal liability. Id. However, express notice of the agent's status and the principal's identity is not required to escape personal liability if the agent proves that sufficient evidence of the agency relationship was known by the third party so as to put him on notice of the principal-agent relationship. Id.
The court should resolve doubts about a peremptory exception by overruling the exception and affording the litigant its day in court. Woodlawn Park Ltd. Partnership v. Doster Const. Co., Inc., 623 So.2d 645 (La.1993). In Honeywell, supra, 543 So.2d at 596, this Court found that the plaintiff's petition clearly set forth a lawful cause of action against the defendant. This Court noted that, as to the annexed contract, the capacity in which the party executes a document is largely a matter of intent that is determined from the circumstances of the transaction.
La. C.C.P. art. 856 provides:
In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularly. Malice, intent, knowledge, and other condition[s] of [the] mind of a person may be alleged generally. [Emphasis added.]
In Arledge v. Hendricks, 30-588 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, 140, the Second Circuit stated:
... La. C.C.P. art. 856, in pertinent part, provides: "Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." The official revision comment notes that a person's malice, intent, knowledge or other condition of mind cannot be particularized, can only be raised through a general allegation thereof, and that this has been held to be sufficient under the jurisprudence. See Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). Although Arledge's allegation of knowledge of falsity may be considered vague, it is broad enough to require the admission of evidence. [Emphasis added.]
The trial court granted the defendant's exception of no cause of action, and the Second Circuit reversed. In footnote 3, 715 So.2d at 142, the Second Circuit noted:
Since this action was before the trial court on an exception of no cause of action, McIntyre is not permitted to penetrate Arledge's general allegations of knowledge and intent. We note, however, as did the supreme court in Mayer, supra, that the procedural vehicle of motion for summary judgment is available to discern the substance of the allegations. See Mayer, supra. La. C.C.P. art. 966....
In Little v. Campbell, 20 So.2d 627 (La. App. 1 Cir.1945), the First Circuit held that in a suit to recover money allegedly used by the plaintiffs agent for gambling in the defendants' establishment, allegations that the operators knew the money was the plaintiffs was not a conclusion, but a fact to be proved.
In the present case the Hotards' third-party demand clearly set forth a lawful cause of action against the third-party defendants, Gennusa and Wirth. The capacity of the parties signing the document is a matter of intent to be determined from the circumstances of the transaction. Honeywell, supra. The Hotards are entitled to their day in court to consider the intent of the parties, Gennusa and Wirth, to be bound individually or not.
Consideration of Wirthman-TAG's exception of no cause of action should be denied. The exception of no cause of action on behalf of Gennusa and Wirth should also be denied.
*863 Accordingly, the July 11, 2000 judgment is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.