hARMSTRONG, J.,
dissents.
I respectfully dissent. I would deny the writ application for the following reasons. Gail Gardner was injured, allegedly while in the course and scope of her employment with Gertrude Gardner, Inc., while riding in a vehicle driven by Justin Zitler. She sued Mr. Zitler, Mr. Zitler’s liability insurer, State Farm Mutual Automobile Insurance Company (“State Farm”) and her UM insurer USAA Casualty Insurance Company. She settled with USAA but her claims against Mr. Zitler and State Farm remain pending.
Gail Gardner amended her petition to bring against State Farm an additional claim seeking recovery under the UM coverage of a State Farm policy issued to Gertrude Gardner, Inc. She alleged that, as an officer and employee of Gertrude Gardner, Inc., traveling upon Gertrude Gardner, Inc. business, she was covered under the UM coverage of Gertrude Gardner, Inc. State Farm policy. The trial court granted a State Farm motion for summary judgment as to that claim upon the ground that the Gertrude Gardner, Inc. State Farm policy did not provide UM coverage for Gertrude Gardner, Inc. officers or employees traveling upon company business in non-company vehicles. However, State Farm continued to be a | ¡.defendant in the action for each of two reasons. First, Gail Gardner also sued State Farm because it was the liability insurer of Justin Zitler. Thus, Gail Gardner continued to have an action against State Farm. Second, the summary judgment was not a final appealable júdgment and so was subject to revision by the trial court. La.Code Civ. Proc. art. 1915. Thus, even the Gail Gardner UM claim against State farm was not concluded with absolute finality. I discuss Gail Gardner’s UM claim against State Farm only because it has some procedural significance as discussed below and I note that the merits of Gail Gardner’s UM claim against State Farm, and the summary judgment dismissing it, are not before us on this writ application.
Gail Gardner then amended her petition once again to assert against State Farm an additional claim for tort, specifically professional malpractice, for failing to include in the Gertrude Gardner, Inc. State Farm policy a provision for UM coverage for Gertrude Gardner, Inc. officers and employees traveling on company business in non-company vehicles. She then amended her petition to assert the same professional malpractice claim against the State Farm agent, Richard Frank, who procured the State Farm policy for Gertrude Gardner, Inc. State Farm and Mr. Frank filed an exception of no right of action, which the trial court maintained, based upon the fact that Gertrude Gardner, Inc., not Gail Gardner, was the named insured in the State Farm policy. I discuss Gail Gardner’s professional malpractice claims against State Farm and Mr. Frank, and the trial court’s maintaining of exceptions *403 to those claims, only because of their procedural significance as discussed below, and I would not consider the merits of those claims or the [¡^exceptions to them because the trial court’s maintaining of those exceptions is not before us on this writ application.
After the hearing on State Farm’s and Frank’s exceptions to the professional malpractice claims made by Gail Gardner, but prior to the signing of the judgment maintaining those exceptions, Gertrude Gardner, Inc. filed a petition of. intervention asserting the same professional malpractice > claims against State Farm and Mr. Frank as had been asserted by Gail Gardner. It appears from Gail Gardner’s brief in opposition to the writ application that State Farm and Mr. Frank filed exceptions to the Gertrude Gardner, Inc. petition in intervention. However, the exceptions attached to State Farm’s writ application and, most importantly, the trial court judgment overruling those exceptions attached to State Farm’s writ application, which is the judgment as to which State Farm seeks review by the present application, do not address Gertrude Gardner, Inc.’s petition in intervention. Thus, I discuss Gertrude Gardner, Inc.’s petition in intervention only for its procedural significance and I do not address its merits or the merits of any exceptions that might have been filed as to it.
Finally, Gail Gardner and Gertrude Gardner, Inc. filed a joint petition seeking reformation of the Gertrude Gardner, Inc. State Farm policy so as to include UM coverage for Gertrude Gardner, Inc. officers and employees (such as Gail Gardner) while traveling on company business in non-company vehicles. In response to that joint petition, State Farm filed an exception of no right of action as to Gail Gardner and exceptions of no right of action and no cause of action as to Gertrude Gardner, Inc. The trial court overruled those exceptions and it is as to |4that judgment, overruling State Farm’s exceptions to the joint petition, that State Farm seeks relief by the present writ application.
State Farm’s first argument that Gail Gardner has no right of action is that the joint petition was, in effect, an amendment to Gail Gardner’s petition and that Gail Gardner did not obtain leave of court to file that joint petition. I would not decide that an exception of no right of action is the proper procedure to use when it is alleged that a party has filed an amending pleading without receiving necessary leave of court. However, in any case, I am satisfied that the joint petition was filed properly. Gertrude Gardner, Inc. did seek and obtain leave of court to file the joint petition and, ■ because it was filed jointly by Gertrude Gardner, Inc. and Gail Gardner, it was not essential that Gail Gardner also obtain leave of court.
State Farm also argues that Gail Gardner has no right of action to reform the Gertrude Gardner, Inc. State Farm policy because she is not a party to the insurance contract. I disagree. Gail Gardner’s claim is that it was intended that she be a third-party beneficiary of the insurance contract, because the Gertrude Gardner, Inc. State Farm policy was supposed to have UM coverage that would have benefited her, and she seeks to have the insurance contract reformed so as to make her a third-party beneficiary. As she is the one injured by the alleged mistake as to the UM coverage, she has a right of action to pursue reformation in an attempt to correct that alleged mistake. In other words, because Gail Gardner will be the party to benefit if the contract is reformed, she is a proper party to seek reformation.
State Farm argues that Gertrude Gardner, Inc. has no right of action because, as an intervener, Gertrude Gardner, Inc. has *404 no right to add a new party to the faction. However, State Farm was not a new party, quite aside from Gail Gardner’s UM and professional malpractice claims against State Farm, because State Farm is one of the original defendants in this action, because it is the alleged liability insurer of Mr. Zitler, and so State Farm always has been and continues to be a party to this action. Regardless of the type of claims asserted against State Farm by Gail Gardner, as alleged liability insurer, as alleged UM carrier or for alleged professional malpractice, State Farm has always been a defendant in this action. Therefore, Gertrude Gardner, Inc.’s claim against State Farm does not constitute adding a new party to this action. The same points dispose of State Farm’s argument that Gertrude Gardner, Inc. could intervene only in a pending action. There always has been and continues to be a pending action by Gail Gardner against State Farm.
Gertrude Gardner, Inc. also filed an exception of no cause of action as to the joint petition. State Farm argues that the joint petition fails to state a cause of action for reformation because it does not allege mutual mistake. However, a petition should not be dismissed upon an exception of no cause of action if it appears that the plaintiff might, by amendment, cure the pleading defect. La.Code Civ. Proc. art 934, e.g., Wirthman-Tag Construction Co. v. Hotard, 2000-2298 (La.App. 4 Cir. 12/19/01, 804 So.2d 856). In the present case, it appears possible that Gertrude Gardner, Inc. may be able to amend the joint petition to allege mutual mistake. In particular, it was stated at oral argument in the trial court:
And the fact is Gertrude Gardner, Inc. went to State Farm and said, “We need an insurance policy.”
There’s two types of insurance policies, personal and business. You have a personal one; a corporation has a business one. A business policy will provide coverage for officers and directors on a corporate mission. That’s standard.
1 sState Farm issued the wrong policy. They issued a personal policy.
The reason she’s not an insured under this policy, it’s as to Gertrude Gardner, Inc., members of her household, family members, minor children who reside in the household. That’s why she’s not issued, because they issued the wrong policy.
We take their deposition. They have an attachment to the policy to cover corporate employees, corporate officers on a mission. Further denied that. And then pressed to produce it at a 1442 deposition of the corporation. We had to compel them to produce this. We found out halfway in the case that they do have the right policy. They issued the wrong policy and made a mistake and say, “Ma’am, you’re not insured under this.” It’s an incorrectly issued policy.
Under the circumstances, Gertrude Gardner, Inc. must be given an opportunity to amend the joint petition.
Lastly, I note that State Farm has not argued that Gertrude Gardner, Inc. has no right of action for reform of the policy on the ground that it is Gail Gardner that has such a right. Thus, I would make no determination as to whether Gertrude Gardner, Inc., as well as Gail Gardner, has a right of action for reformation of the policy.