McKAY, J.,
Concurs in part and dissents in part.
Iil concur with the majority that the plaintiffs’ appeal of the December 12, 2007 judgment granting Countrywide’s motion for summary judgment was a nullity because it was not timely appealed. I do, however, believe that had the appeal been timely that genuine issues of fact concerning Countrywide’s dealings with the Scheaffers would have precluded summary judgment.
With regards to the majority’s affirming of the trial court’s granting of Newport’s exception of no right of action, I respectfully dissent. The essential function of the peremptory exception of no right of action is to test whether the plaintiff has a real and actual interest in the suit. La. C.C.P. art 927(A)(5). Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid *761 cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Wirthman-Tag Construction Co., LLC v. Hotard, 2000-2298, 2000-2299 (La.App. 4 Cir. 12/19/01), 804 So.2d 856, 859 0citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885, 888). The Scheaffers argue that they are at least third-party beneficiaries of the policy of insurance that Newport placed on the Scheaffers’s property because they were 1.¿charged the insurance premiums and the deductibles on the policy. I believe that this gives the Scheaffers an actual interest in the insurance policy procured by Countrywide from Newport and as such gives the Scheaffers a right of action in this case.