BAGNERIS, Judge,
dissents with reasons.
I respectfully dissent from the majority’s finding that the organizations in this case have failed to demonstrate a real and actual interest in the suit.
The essential function of the peremptory exception of no right of action is to test whether the plaintiff has a real and actual interest in the suit. La. C.C.P. art. 927(A)(6); La.Code of Civ. Proc. Art. 681. Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Wirthman-Tag Construction Co., L.L.C. v. Hotard, 00-2298, 00-2299, pp. 2-3 (La.App. 4 Cir. 12/19/01), 804 So.2d 856, 859.
Applying the criteria in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), I find that Plaintiffs do have standing to bring this suit against defendants because (1) they have shown that the members of their organizations could bring a suit because of the harm (present or probable for the future) which would occur to the members; (2) they have shown the purpose for which their organizations were formed and why the claims being asserted relate to the purpose of the organization; and (3) |2they have shown that the relief being sought does not require the participation of the individual members. Accordingly, I would reverse the judgment of the trial court.
ORDER
11 Considering the application for rehearing filed by Appellants in the above-captioned matter, the request for a rehearing *6 is hereby GRANTED. The request for an en banc rehearing is DENIED.
JONES, J., dissents.