**PAYPHONE/ATM CONNECTION PLUS, INC.**

v.

**Abdelaziz ABDELMAJID, et al.**

**NO. 2016–CA–0423**

Court of Appeal of Louisiana, Fourth Circuit.

**NOVEMBER 16, 2016**

---

JOHN A.E. DAVIDSON, CHRISTO-PHER J. DAVIDSON, DAVIDSON & DAVIDSON, APLC, 2901 Independence Street, Suite 201, Metairie, Louisiana 70006, COUNSEL FOR PLAINTIFF/AP-PELLEE

MORRIS W. REED, 4919 Canal Street, Suite 204, New Orleans, Louisiana 70119, COUNSEL FOR DEFENDANT/APPEL-LANT

(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Madeleine M. Landrieu)

Chief Judge James F. McKay III

In this breach of contract case, the defendants, Abdelaziz Abdelmajid and Awni, Inc., appeal the trial court's judgment, which awarded damages and attorneys' fees, in favor of the plaintiff, Payphone/ATM Connection Plus, Inc. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On January 14, 2006, Abdelaziz Abdelmajid, purportedly on behalf of Family Farm Market, and Rob Wismatt, on behalf of Payphone/ATM Connection Plus, entered into a "placement contract" that called for one of Payphone's ATMs to be

placed in the store operated by Mr. Abdelmajid at 2541 North Claiborne Avenue in New Orleans for a period of sixty (60) months. This contract gave Payphone the exclusive rights to operate an ATM at Mr. Abdelmajid's store. The contract also stated that it "shall automatically renew for successive sixty month periods unless terminated by either party's delivery to the other of written notice of cancellation no more than ninety days and no less than thirty days prior to the expiration of any term." Pursuant to this contract, Payphone made payments by [2]check made out to Family Farm Market, which Mr. Abdelmajid endorsed and deposited into the bank account of Awni, Inc. There was a sign outside of the store at 2541 North Claiborne Avenue with the designation Family Farm Market.

In June or July of 2011, either Mr. Abdelmajid or someone working for him placed an "out of order" sign on Payphone's ATM and a competing ATM was installed at the store. There was no written notice terminating the contract as provided for in the exclusivity provisions of the contract.

On May 31, 2012, Payphone filed a petition for breach of contract, permanent injunction, and preliminary injunction alleging that Mr. Abdelmajid and Awni had breached the contract for the exclusive use and operation of an ATM machine inside the store located at 2541 North Claiborne Avenue. The case was randomly allotted to Division "M" of the Civil District Court, Parish of Orleans, with the Honorable Paulette Irons presiding.

On May 1, 2013, the trial court held a hearing on and denied Payphone's motion for summary judgment. On July 10, 2013, the parties entered into a scheduling order which set the matter for a judge trial on June 25, 2014. Trial took place on June 25, 2014 before the Honorable Christopher J. Bruno in Division "F" of the Civil District Court, Parish of Orleans, without counsel for defendant being present. Following trial, on June 26, 2014, the trial court signed a judgment in favor of Payphone and against Mr. Abdelmajid and Awni, which awarded Payphone $35,610.00 in damages. The defendant appealed that judgment to this Court and on March 18, 2015, this Court vacated that judgment and remanded the [3]matter to Division "M" of Civil District Court, where it had originally been assigned.[1]

The matter proceeded to trial on October 9, 2015, before the Honorable Paulette Irons in Division "M" of Civil District Court. On November 5, 2015, the trial court rendered a judgment in favor of Payphone and against Mr. Abdelmajid in the amount of $35,610.00, plus attorneys' fees of twenty-five percent (25%), as well as court costs and filling fees. It is from this judgment that Mr. Abdelmajid now appeals.

## DISCUSSION

On appeal, Mr. Abdelmajid raises the following assignments of error: 1) the court below erred when it ruled that Abdelaziz Abdelmajid is liable for the contract between Payphone/ATM Plus, Inc. and Family Farm Market where he was not an owner or stockholder in Family Farm Market; and 2) the court below erred when it ruled that Abdelaziz Abdelmajid is liable for the contract between Payphone/ATM Connection Plus, Inc. and Family Farm Market where he had no understanding of the renewal clause that was included in the contract.

1. Payphone/ATM Connection Plus, Inc. v. Abdelmajid, 2014–1097 (La.App. 4 Cir. 3/18/15),

2015 WL 1256321

In his first assignment of error, Mr. Abdelmajid contends that the trial court erred in finding him liable for a contract between Payphone and Family Farm Market. Mr. Abdelmajid's contention is disingenuous and lacks any merit. Mr. Abdelmajid himself signed the contract purportedly on behalf of Family Farm Market, although he was neither the owner of nor authorized to do so by such an ₄entity. Mr. Abdelmajid also accepted payments by check from Payphone made out to Family Farm Market, which he endorsed and deposited into Awni's bank account. Therefore, in reality, Mr. Abdelmajid was acting as an undisclosed agent or mandatary for Awni.

A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract. La. C.C. art. 3016. On the other hand, a mandatary who contracts in his own name without disclosing his status as a mandatary does bind himself personally for the performance of the contract. La. C.C. art. 3017. Generally, an agent will be held to have bound himself personally when he enters into an agreement without disclosing the identity of his principal. Wirthman–Tag Construction Co., L.L.C. v. Hotard, 2000–2298 (La.App. 4 Cir. 12/19/01), 804 So.2d 856, 861. Because Mr. Abdelmajid attempted to hold himself out as an agent for an entity which did not exist (Family Farm Market) when he was actually acting as an agent or mandatary of Awni, he has bound himself personally by the contract he signed.

In his second assignment of error, Mr. Abdelmajid contends that the trial court erred in holding him liable for the contract between Payphone and Family Farm Market because he had no understanding of the renewal clause that was included in the contract. Essentially, Mr. Abdelmajid argues that he spoke very little English and the renewal clause was "small print" that he did not understand or even consider. However, the failure to understand a document is not a defense. Smith v. Leger, 439 So.2d 1203, 1206 (La. App. 1 Cir. 1983). A person who signs ₅a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it. Carter's Ins. Agency, Inc. v. Franklin, 428 So.2d 808 (La. App. 1 Cir. 1983). In any event, Mr. Abdelmajid spoke English at a sufficient level to operate his business on a daily basis. Mr. Abdelmajid was also able to testify at his deposition without a translator. Likewise, he testified at trial without a translator and he could understand the questions asked of him and those present were able to comprehend his testimony.

When the words of a contract are clear, explicit, and lead to no absurd consequences, the meaning and intent of the parties to a written contract must be determined as a matter of law from the four corners of the instrument without resorting to extrinsic evidence. St. Bernard Port, Harbor and Terminal Dist. v. Guy Hopkins Constr. Co., Inc., 2012–0167 (La.App. 4 Cir. 1/16/13), 108 So.3d 874; see also La. C.C. art. 2046. In the instant case, the contract at issue specifically states that "the agreement shall automatically renew for successive sixty month periods unless terminated by either party's delivery to the other of written notice of cancellation no more than ninety days and no less than thirty days prior to the expiration of any term." Being that no written notice was ever given, based on the clear language of the contract, it was in effect at the time the out of order sign was placed on Payphone's ATM and a competing ATM was installed at the store at 2541 North Clai-

borne Avenue. Accordingly, we find that Mr. Abdelmajid's second assignment of error is also without merit.

## CONCLUSION

For the above and foregoing reasons, we affirm the trial court's judgment in favor of Payphone and against Mr. Abdelmajid.

**AFFIRMED.**