| | | |
|---|---|---|
| **JORDAN JONES FAVRET** | * | **NO. 2022-CA-0820** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JOHN FAVRET, KATHY** | * | |
| **FAVRET, JUSTIN PHIPPS** | | **FOURTH CIRCUIT** |
| **BOYCE, AND MADISON** | * | |
| **GALLO BOYCE** | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-00146, DIVISION "J"
Honorable D. Nicole Sheppard, Judge

* * * * * *

**Judge Dale N. Atkins**

* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)


D. Douglas Howard, Jr.
J. Katheryn Doré
HOWARD REED & PEDERSEN
531 Julia Street
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLANT, Jordan Jones Favret


Timothy G. Schafer
William H. Dunckelman, Jr.
SCHAFER & SCHAFER
328 Lafayette Street
New Orleans, LA 70130

    COUNSEL FOR DEFENDANT/APPELLEE, Kathy Favret

Trevor C. Davies
WANEK KIRSCH DAVIES LLC
1340 Poydras Street, Suite 2000
New Orleans, LA 70112

COUNSEL FOR DEFENDANTS/APPELLEES, Justin Phipps Boyce and
Madison Gallo Boyce

**AFFIRMED**
**JULY 31, 2023**

DNA

TFL

TGC

This is a negligence action. In this appeal, Jordan Jones Favret ("Ms. Jones Favret") seeks review of the trial court's September 9, 2022 judgment, which sustained the Peremptory Exceptions of No Cause of Action filed by Justin Boyce and Madison Boyce (collectively "the Boyces") and by Kathy Favret ("Ms. Kathy Favret") thereby dismissing Ms. Jones Favret's claims against them. Ms. Jones Favret sought damages from the Boyces and Ms. Kathy Favret for negligent precipitation of a third party's crime, negligent infliction of emotional distress, and intentional infliction of emotional distress. Upon review, we find that the trial court did not err in its determination that Ms. Jones Favret failed to state a cause of action for each of her claims. For the following reasons, we affirm.

Further, Ms. Kathy Favret filed an "Answer to Appeal" with this Court. Therein, she seeks damages, including attorney fees and costs, for the filing of a frivolous appeal by Ms. Jones Favret pursuant to La. C.C.P. art. 2164.[1] For the following reasons, we deny Ms. Kathy Favret's request for damages, attorney fees, and costs.

---

[1] As discussed more fully throughout this Opinion, La. C.C.P. art. 2164 provides, in pertinent part, that "[t]he court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**January 6, 2022 Petition for Damages**

This lawsuit stems from a custody dispute between Ms. Jones Favret and her former husband, John Favret ("Mr. Favret"), over their minor child, CF.[2] On January 6, 2022, Ms. Jones Favret instituted the suit by filing a Petition for Damages ("Petition") in Civil District Court for Orleans Parish ("Orleans Civil District Court") and naming Mr. Favret, Ms. Kathy Favret, and the Boyces as defendants. According to her Petition, the 24th Judicial District Court for Jefferson Parish granted Ms. Jones Favret emergency custody of CF on October 22, 2021, and issued a warrant for the return of CF to Ms. Jones Favret's custody. That same day, Ms. Jones Favret called the New Orleans Police Department ("NOPD") to execute the warrant. In the Petition, Ms. Jones Favret contended that when the NOPD officers ("officers") arrived at the residence that Mr. Favret and his mother, Ms. Kathy Favret, shared ("the Favret Residence"), Mr. Favret refused to comply with the warrant. Further, Ms. Jones Favret alleged that the officers requested assistance from the Orleans Parish Civil Sheriff, but when the deputies arrived to execute the warrant, Ms. Kathy Favret informed the deputies that Mr. Favret had already left through the back door of the Favret Residence with CF. Unbeknownst to Ms. Jones Favret and law enforcement, Mr. Favret brought CF to the home where the Boyces lived ("the Boyce Residence") after leaving the Favret Residence.

---

[2] This Opinion will use the initials of the minor child to protect the child's identity. *See* Uniform Rules, Louisiana Courts of Appeal, Rules 5-1 and 5-2. *See also Barak v. Saacks*, 2021-0756, 0757, 0758, 0759, p. 2 (La. App. 4 Cir. 10/12/22), ___ So.3d ___, ___, 2022 WL 6944282, at *1 n.3 (citing *Council v. Livingston*, 2019-1049, p. 1 (La. App. 4 Cir. 3/13/20), ___ So.3d ___, ___, 2020 WL 1231392, at *1 n.1).

Later that same day, Ms. Jones Favret filed a Petition for Protection from Abuse ("Petition for Protection") on behalf of CF in Orleans Civil District Court, which granted her request for a temporary restraining order. Thereafter, according to the Petition, officers returned to the Favret Residence, and Ms. Kathy Favret stated that Mr. Favret and CF were not present and that she did not know their location. The officers then served the Petition for Protection on Ms. Kathy Favret, and she continued to deny having knowledge about Mr. Favret's and CF's location. Despite her statements to the contrary, the Petition alleged that cell phone data revealed that Ms. Kathy Favret had been in communication with both Mr. Favret and CF after Mr. Favret had arrived at the Boyce Residence. Per the Petition, at some point, Ms. Kathy Favret brought clothes and other personal items to the Boyce Residence. However, neither Ms. Kathy Favret nor the Boyces informed Ms. Jones Favret or law enforcement of Mr. Favret's and CF's location. On October 23, 2021, a warrant for Mr. Favret's arrest was issued. On October 24, 2021, officers apprehended and arrested Mr. Favret at the Boyce Residence, where CF was also present.

In her Petition, Ms. Jones Favret asserted that Mr. Favret's actions in absconding with CF constituted a criminal act in violation of La. R.S. 14:45.1.[3] Further, Ms. Jones Favret sought damages against Ms. Kathy Favret and the Boyces for negligently precipitating Mr. Favret's criminal interference with Ms. Jones Favret's custody of CF, negligent infliction of emotional distress, and intentional infliction of emotional distress.

_____

[3] Louisiana Revised Statutes 14:45.1 is titled "[i]nterference with the custody of a child." However, the allegations against Mr. Favret are not before us on review.

**The Boyces' and Ms. Kathy Favret's First Peremptory Exceptions of No Cause of Action and Ms. Jones Favret's Opposition**

On February 24, 2022, the Boyces filed a Peremptory Exception of No Cause of Action and a Motion for Sanctions (" the Boyces' First Exception of No Cause of Action"). Therein, the Boyces asserted that Ms. Jones Favret's Petition failed to state a cause of action against them. Specifically, they argued that "there is no duty to control, or warn against, the criminal actions of a third person" and that "there is no duty to protect others from the criminal acts of third parties." Further, they contended that Ms. Jones Favret's Petition "completely fail[ed]" to state a cause of action for negligent or intentional infliction of emotional distress and that "it is well-settled in Louisiana that a claim of mental distress absent physical injury is not actionable."

On March 25, 2022, Ms. Kathy Favret also filed a Peremptory Exception of No Cause of Action ("Ms. Kathy Favret's First Exception of No Cause of Action"). In her First Exception of No Cause of Action, Ms. Kathy Favret adopted the same arguments asserted by the Boyces in their First Exception of No Cause of Action. She further emphasized that the Petition "set[] forth no allegations that would make [Ms. Kathy Favret] legally responsible for any of [Mr. Favret]'s conduct" and set forth no allegations establishing that Ms. Kathy Favret owed a duty to Ms. Jones Favret. Additionally, Ms. Kathy Favret asserted that under Louisiana negligence law, "[i]f no duty exists, then there can be no liability."

On May 5, 2022, Ms. Jones Favret filed an "Opposition to the Peremptory Exceptions of No Cause of Action Filed by Defendants [Ms.] Kathy Favret [and the Boyces]." Conceding their argument that Louisiana law does not recognize a duty to protect others from the criminal activities of third persons, Ms. Jones

Favret countered that the Boyces and Ms. Kathy Favret owed a duty because "the law does recognize a duty not to negligently cause a third party to commit a crime that is a foreseeable consequence of negligence." She also asserted that Louisiana law recognizes a "broad duty not to negligently precipitate the crime of a third party" and that "[the Boyces' and Ms. Kathy Favret's] actions precipitated Mr. Favret's criminal acts and were a cause-in-fact of Ms. Favret's harm." On May 19, 2023, the trial court held a hearing on the Boyces' and Ms. Kathy Favret's First Exceptions of No Cause of Action. The trial court sustained the exceptions, but ordered Ms. Jones Favret to amend her petition.

**Ms. Jones Favret's Amended Petition**

Prior to the hearing on the Boyces' and Ms. Kathy Favret's First Exceptions of No Cause of Action, on May 18, 2022, Ms. Jones Favret filed a "Motion for Leave of Court to File First Amending and Supplemental Petition;" and the trial court granted her Motion on May 26, 2022. Ms. Jones Favret's Amended Petition alleged that officers served the Petition for Protection on Ms. Kathy Favret before she brought toiletries and other personal items to Mr. Favret and CF. Regarding the Boyces, Ms. Jones Favret contended that they knew Mr. Favret had not parked his vehicle in front of their residence in order "to avoid detection by law enforcement officers or Ms. [Jones] Favret." Further, Ms. Jones Favret alleged that the Boyces were aware that Mr. Favret "was refusing to return custody of the minor child, CF, to Ms. [Jones] Favret" and "was concealing himself and the minor child, CF, from law enforcement and Ms. [Jones] Favret."

Additionally, Ms. Jones Favret alleged that she experienced physical symptoms due to the emotional distress caused by the Boyces and Ms. Kathy Favret, including anxiety, insomnia, panic attacks, weight loss of thirty pounds,

5

and depression. Ms. Jones Favret contended that their actions were partially responsible for her having "to seek additional medical attention as well as therapy to address the physical injuries caused by . . . [the] emotional distress."

**The Boyces' and Ms. Kathy Favret's Second Peremptory Exceptions of No Cause of Action and Ms. Jones Favret's Opposition**

On May 31, 2022, Ms. Kathy Favret filed a second "Peremptory Exception of No Cause of Action" ("Ms. Kathy Favret's Second Exception of No Cause of Action"). Therein, Ms. Kathy Favret argued that Ms. Jones Favret's Amended Petition "contains no new substantive allegations that would support a cause of action against" her. On June 22, 2022, the Boyces filed a "Peremptory Exception of No Cause of Action and Motion for Costs and Attorneys' Fees" ("the Boyces' Second Exception of No Cause of Action"). Like Ms. Kathy Favret, they argued that Ms. Jones Favret's Amended Petition failed to state a cause of action against them. Again, Ms. Jones Favret filed an "Opposition to the Peremptory Exceptions of No Cause of Action filed by Defendants [Ms.] Kathy Favret [and the Boyces]." Ms. Jones Favret argued that she had stated a valid cause of action against them for the damages she sustained: she contended that the Petition and Amended Petition established that Ms. Kathy Favret and the Boyces owed a duty in this situation and breached it by negligently precipitating Mr. Favret's interference with her custody of CF.

**August 25, 2022 Hearing and September 9, 2022 Judgment**

On August 25, 2022, the trial court held a hearing on the Boyces' and Ms. Kathy Favret's Second Exceptions of No Cause of Action and the Motion for Costs and Attorneys' Fees filed by the Boyces.[4] The trial court orally sustained the

---

[4] The transcript of the August 25, 2022 hearing is not in the record before this Court.

Exceptions but denied the Boyces' Motion for Costs and Attorneys' Fees. Thereafter, on September 9, 2022, the trial court signed a judgment, which stated, in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Exceptions of No Cause of Action filed by Justin Boyce and Madison Boyce, and Kathy Favret are sustained and the plaintiff's lawsuit dismissed as to said exceptors;

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of Justin Boyce and Madison Boyce for Costs and Attorney's Fees, pursuant to La. C.C.P. article 863(D) be denied.

Ms. Jones Favret timely filed a devolutive appeal. In response, Ms. Kathy Favret filed an Answer to Appeal in which she sought damages for a frivolous appeal together with attorney fees and costs.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Jones Favret raises four assignments of error:

1. The [Trial] Court determined that Appellee, Kathy Favret, did not owe a duty to Appellant not to negligently precipitate the crime of a third party and sustained Appellee's Peremptory Exception of No Cause of Action.

2. The [Trial] Court determined that Appellees, Justin Boyce and Madison Boyce, did not owe a duty to Appellant not to negligently precipitate the crime of a third party and sustained their Peremptory Exception of No Cause of Action.

3. The [Trial] Court determined that Appellant failed to state a cause of action for negligent infliction of emotion distress against Appellees, Kathy Favret, Justin Boyce, and Madison Boyce and sustained their Peremptory Exception of No Cause of Action as to that claim.

4. The [Trial] Court determined that Appellant failed to state a cause of action for intentional infliction of emotion distress against Appellees, Kathy Favret, Justin Boyce, and Madison Boyce and sustained their Peremptory Exceptions.

7

Because this appeal concerns peremptory exceptions of no cause of action, we begin our discussion by summarizing the principles applicable to exceptions of no cause of action.

## DISCUSSION

**Standard of Review**

"An exception of no cause of action presents a question of law, so an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo.*" *Cunningham v. City of New Orleans,* 2021-0532, p. 9 (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 986 (citing *Fertitta v. Regions Bank*, 2020-0300, p. 7 (La. App. 4 Cir. 12/9/20), 311 So.3d 445, 451), *writ denied,* 2022-00716 (La. 6/22/22), 339 So.3d 1185. "A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to *anyone* under the factual allegations of a petition." *Id.* at p. 10, 336 So.3d at 986 (emphasis added) (citing *Fertitta*, p. 6, 311 So.3d at 450). "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* at p. 11, 336 So.3d at 986-87 (quoting *Fertitta,* 2020-0300, p. 7, 311 So.3d at 451). This Court has explained how a court reviews the petition in deciding an exception of no cause of action:

> The exception [of no cause of action] is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. *Indus. Cos. v. Durbin*, 2002-0665, p. 6 (La. 1/28/03), 837 So.2d 1207, 1213. . . . An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Id.* at p. 7, 837 So.2d at 1213; *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1018 (La. 1993). If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d

1234, 1236 (La. 1993). Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Industrial Cos.*, [20]02-0665[,] p. 7, 837 So.2d at 1213.

*Id.* (alteration in original) (quoting *Williams v. Wood*, 2017-1049, p. 3 (La. App. 4 Cir. 10/31/18), 258 So.3d 834, 837-38).

We begin by addressing Ms. Jones Favret's first and second assignments of error in the same discussion. Then, we will address Ms. Jones Favret's third and fourth assignments of error in turn.

**Assignments of Error Numbers One and Two: Whether the Petition and Amended Petition Established that the Boyces and Ms. Kathy Favret Had a Duty to Ms. Jones Favret**

In her first and second assignments of error, respectively, Ms. Jones Favret contends that the trial court erred in determining that Ms. Kathy Favret and the Boyces did not owe a duty to Ms. Jones Favret not to negligently precipitate the crime of a third party. In particular, in her Petition, Ms. Jones Favret alleged that the Boyces and Ms. Kathy Favret precipitated Mr. Favret's violation of La. R.S. 14:45.1 by absconding with CF in contravention of a court order.[5] As to Ms. Kathy Favret, Ms. Jones Favret asserts that her Petition and Amended Petition alleged that Ms. Kathy Favret "continued to assist Mr. Favret in absconding with CF despite having personal knowledge that Mr. Favret was acting illegally in violation

---

[5] Louisiana Revised Statutes 14:45.1, which is titled "[i]nterference with the custody of a child," provides in pertinent part:

> A. Interference with the custody of a child is the intentional taking, enticing, or decoying away of a minor child by a parent not having a right of custody, with intent to detain or conceal such child from a parent having a right of custody pursuant to a court order or from a person entrusted with the care of the child by a parent having custody pursuant to a court order.

of a civil warrant, protective order, and a criminal warrant for Mr. Favret's arrest." Ms. Jones Favret also contends that her Petition and Amended Petition alleged that "Mr. Favret was further aided and abetted by [the Boyces] in absconding with and secreting away the minor child, CF, to avoid the execution of a valid civil warrant for the immediate return of CF."

Ms. Jones Favret concedes that Louisiana does not recognize a "duty to protect others from the criminal activities of third persons." However, Ms. Jones Favret argues that, following the recent opinion of the Louisiana Supreme Court in *Doe v. Mckesson*, 2021-00929 (La. 3/5/22), 339 So.3d 524, Ms. Kathy Favret and the Boyces had a duty not to negligently precipitate the alleged criminal actions of Mr. Favret.[6] Thus, as part of our *de novo* review of the trial court's grant of the Exceptions of No Cause of Action, we must consider whether Ms. Jones Favret's Petition and Amended Petition established that Ms. Kathy Favret and the Boyces owed a duty not to negligently precipitate the crime of Mr. Favret, a third party. To determine this, we must review Ms. Jones Favret's Petitions in light of the relevant negligence law on the issue of duty.

***Relevant Negligence Law***

In a negligence case, a plaintiff must prove five separate elements:

(1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

---

[6] In its opinion, the Louisiana Supreme Court titled the defendant's name as "Mckesson." However, as published by Westlaw, the case is captioned *Doe v. McKesson*. For the sake of consistency, we have used "Mckesson" throughout this opinion.

*Spencer v. Valero Refining Meraux, L.L.C.,* 2022-00469, 00539, 00730, pp. 15-16 (La. 1/27/23), 356 So.3d 936, 949 (citing *Mathieu v. Imperial Toy Corp.,* 1994-0952, pp. 4-5 (La. 11/30/94), 646 So.2d 318, 322). "A negative answer to any of those inquiries results in a determination of no liability." *Id.* (citing *Mathieu,* 1994-0952, p. 11, 646 So.2d at 326).

"The threshold determination in a negligence action is the first element, i.e., whether the defendant owed a duty to the plaintiff." *Duronslet v. Wal-Mart Stores, Inc.,* 2022-0019, p. 18 (La. App. 4 Cir. 7/27/22), 345 So.3d 1136, 1149 (citing *James v. Ernest N. Morial New Orleans Exhibition Hall Authority,* 2018-0198, p. 7 (La. App. 4 Cir. 12/26/18), 262 So.3d 958, 964). "Specific duties can arise from codal, statutory, administrative and local laws, as well as private contracts and custom." *Mckesson,* 2021-00929, p. 15, 339 So.3d at 537 n.1 (Weimer, C.J., concurring).

Additionally, in *Posecai v. Wal-Mart Stores, Inc.,* the Louisiana Supreme Court listed policy factors that a court may consider in deciding whether to impose a duty:

> [i]n deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. *See Socorro v. City of New Orleans,* 579 So.2d 931, 938 (La. 1991). The court may consider various moral, social, and economic factors, including the fairness of imposing liability; the economic impact on the defendant and on similarly situated parties; the need for an incentive to prevent future harm; the nature of defendant's activity; the potential for an unmanageable flow of litigation; the historical development of precedent; and the direction in which society and its institutions are evolving. *See Meany* [*v. Meany*], [1994-0251, p. 6 (La. 7/5/94),] 639 So.2d [229,] 233; *Pitre v. Opelousas Gen. Hosp.,* 530 So.2d 1151, 1161 (La.1988); *Entrevia v. Hood,* 427 So.2d 1146, 1149 (La.1983).

11

1999-1222, pp. 4-5 (La. 11/30/99), 752 So.2d 762, 766. In a subsequent case, *Reynolds v. Bordelon*, the Louisiana Supreme Court reiterated "that the duty requirement can be analyzed in terms of policy" and stated that such "policy considerations can compel a court to simply make a categorical 'no duty' rule regarding certain conduct." 2014-2362, pp. 8-9 (La. 6/30/15), 172 So.3d 589, 596-97. In *Reynolds*, the Louisiana Supreme Court listed the policy factors to consider in determining whether to impose a duty "as deterrence of undesirable conduct, avoiding the deterrence of desirable conduct, compensation of victims, satisfaction of the community's sense of justice, proper allocation of resources (including judicial resources), predictability, and deference to the legislative will." *Id.* at p. 8, 172 So.3d at 596 (quoting Frank L. Maraist & Thomas C. Galligan, Jr., LOUISIANA TORT LAW § 5.02 (2004)).

As explained previously, Ms. Jones Favret argues that *Mckesson* supports a finding that Ms. Kathry Favret and the Boyces owed a duty. In *Mckesson*, the Louisiana Supreme Court answered a certified question posed by the United States Court of Appeals for the Fifth Circuit: "Whether Louisiana law recognizes a duty, under the facts alleged in [Doe's] complaint, or otherwise, not to negligently precipitate the crime of a third party?" 2021-00929, p. 1, 339 So.3d at 526. In his federal complaint, Doe, a police officer, alleged that Mckesson, a Black Lives Matter ("BLM") protest organizer, was liable for personal injuries that stemmed from an assault committed on Doe by a third party during a protest organized by Mckesson. *Id.* at pp. 1-3, 339 So.3d at 527. Doe alleged that Mckesson organized the protest, was seen and heard giving orders during the protest, and lead protestors to block a busy public highway in front of the police department that employed

Doe. *Id.* The Louisiana Supreme Court considered the factual allegations in the complaint and determined:

> [I]t could be found that Mr. Mckesson's actions, in provoking a confrontation with Baton Rouge police officers through the commission of a crime (the blocking of a heavily traveled highway, thereby posing a hazard to public safety), directly in front of police headquarters, with full knowledge that the result of similar actions taken by BLM in other parts of the country resulted in violence and injury not only to citizens but to police, would render Mr. Mckesson liable for damages for injuries, resulting from these activities, to a police officer compelled to attempt to clear the highway of the obstruction.

*Id.* at pp. 9-10, 339 So.3d at 533. In sum, the Louisiana Supreme Court concluded that Louisiana law recognizes a duty not to precipitate or "negligently cause a third party to commit a crime that is a foreseeable consequence of negligence." *Id.* at p. 8, 339 So.3d at 532.

We find that *Mckesson* does not support a finding that Ms. Kathy Favret or the Boyces owed Ms. Jones Favret a duty under the facts alleged in the Petition and Amended Petition. A careful review of the Petition and Amended Petition reveals that Ms. Jones Favret did not include any allegations that Ms. Kathy Favret or the Boyces acted to hasten Mr. Favret's alleged criminal acts. Even though Ms. Jones Favret alleged that Ms. Kathy Favret and the Boyces' actions allowed Mr. Favret to conceal CF, Louisiana law only recognizes a duty not to negligently *precipitate* or cause a third party to commit a crime that is a foreseeable consequence of negligence. Here, it was not foreseeable that Mr. Favret would commit the alleged crime of absconding with CF. Rather, as asserted in the Petition and Amended Petition, that alleged crime had already occurred prior to any actions purportedly taken by Ms. Kathy and the Boyces.

13

***Analysis of the Policy Factors a Court Considers in Deciding Whether to Impose a Duty***

Moreover, a review of the policy factors enumerated by the Louisiana Supreme Court in *Reynolds* further supports the proposition that Ms. Kathy Favret and the Boyces did not owe Ms. Jones Favret a duty.[7] First, considering the "deterrence of undesirable conduct" and "avoiding the deterrence of desirable conduct" factors, Ms. Jones Favret argues that imposing liability on Ms. Kathy Favret and the Boyces will deter the undesirable conduct of detaining or concealing a child and encourage the adherence to court orders. However, Ms. Jones Favret does not allege that Ms. Kathy Favret or the Boyces absconded with CF with the intent to detain or conceal her from Ms. Jones Favret in violation of La. R.S. 14:45.1. Instead, it was Mr. Favret who allegedly committed this criminal act. Also, based on the Petition and Amended Petition, the court order was directed to Mr. Favret, not Ms. Kathy Favret or the Boyces. Thus the imposition of a duty under the facts alleged in the Petition and Amended Petition would not necessarily lead to the desirable conduct of prevention of violations of La. R.S. 14:45.1 and adherence with court orders. These factors do not support the imposition of a duty under the facts alleged in the Petition and Amended Petition.

As to the "compensation of victims" factor, we find nothing in the pleadings to indicate that Ms. Jones Favret will be unable to recover tort damages from Mr. Favret. Unlike in *Mckesson*, the identity of the party that committed the act is known to Ms. Jones Favret, and she even named Mr. Favret as a defendant in the

---

[7] As explained previously, the Louisiana Supreme Court listed policy factors for a court to consider in deciding whether to impose a duty in *Posecai*, 1999-1222, pp. 4-5, 752 So.2d at 766. However, because *Reynolds* is a more recent pronouncement by the Louisiana Supreme Court on this issue, we will analyze the policy factors enumerated in that case instead. 2014-2362, pp. 8-9, 172 So.3d at 596-97.

Petition and Amended Petition. Mr. Favret, as the individual who absconded with CF, is the best person to make Ms. Jones Favret whole. This factor does not support the imposition of a duty under the facts alleged in the Petition and Amended Petition.

As to the "satisfaction of the community's sense of justice" and "predictability" factors,[8] in *Reynolds*, the Louisiana Supreme Court advised that "it is prudent to ask whether reasonable persons would expect certain behavior in certain situations and, conversely, whether reasonable persons can be expected to be exposed to liability in certain situations." 2014-2362, p. 10, 172 So.3d at 598. Ms. Jones Favret alleged that Ms. Kathy Favret was made aware of the protective order yet failed to contact law enforcement or Ms. Jones Favret to inform them of Mr. Favret's whereabouts. Ms. Jones Favret also alleged that the Boyces allowed Mr. Favret and CF to stay in their home despite their knowledge that Mr. Favret was violating a court order and concealing himself and CF from law enforcement in violation of La. R.S. 14:45.1. However, Ms. Jones Favret has not alleged that Ms. Kathy Favret or the Boyces caused or encouraged Mr. Jones Favret to break the law. Because the Boyces and Ms. Kathy Favret did not engage in conduct that precipitated Mr. Favret's alleged violation of La. R.S. 14:45.1, we find that reasonable persons would not expect to be exposed to liability in this situation. As Mr. Favret is the one who allegedly violated La. R.S. 14:45.1, justice, fairness, and predictability suggest that any liability for Ms. Jones Favret's injuries be imposed on Mr. Favret, not Ms. Kathy Favret or the Boyces.

---

[8] We discuss these two factors together because in *Reynolds*, the Louisiana Supreme Court explained that the "satisfaction of the community's sense of justice" question "factors in squarely with another policy consideration: predictability." 2014-2362, p. 10, 172 So.3d at 598.

Next, we analyze the "proper allocation of resources (including judicial resources)" factor, which we find highly weighs in favor of finding that Ms. Kathy Favret and the Boyces did not have a duty to Ms. Jones Favret. As discussed earlier, the Petition and Amended Petition lack any allegations that Ms. Kathy Favret or the Boyces precipitated Mr. Favret's alleged criminal acts. Were we to find a duty, potentially any housemate, parent, or other close associate of a person in violation of a custody order could be found negligent by merely letting that person stay at their residence or even bringing them clothes and personal items. Further, considering the number of contentious custody disputes, it is reasonable to expect a number of spiteful parents filing suit against family members or friends of the other parent should a duty be found in this case. Thus, we find that this factor does not support the imposition of a duty under the facts asserted in the Petition and Amended Petition.

Finally, in consideration of "deference to the legislative will," we note that the Legislature has not passed any laws imposing a duty in this situation, so we find that this factor also weighs against doing so.

Therefore, having found no policy factors that support imposition of a duty to the facts of this matter, we conclude that the trial court correctly ruled that under the facts alleged in the Petition and the Amended Petition Louisiana law does not recognize a duty owed by Ms. Kathy Favret or the Boyces.

**Assignment of Error Number Three: Negligent Infliction of Emotional Distress**

In her third assignment of error, Ms. Jones Favret contends that the trial court erred when it determined that she failed to state a cause of action for negligent infliction of emotional distress against Ms. Kathy Favret and the Boyces.

16

In support of this assignment of error, Ms. Jones Favret contends that she alleged in her Petition and Amended Petition that Ms. Kathy Favret and the Boyces knew or should have known their actions in furtherance of Mr. Favret's criminal act would cause severe mental and emotional distress related to the deprivation of the custody of her child. Further, Ms. Jones Favret asserts that in her Amended Petition she alleged that she experienced increased anxiety, weight loss, insomnia, panic attacks, depression, trouble concentrating, and nightmares.

In *Spencer*, the Louisiana Supreme Court recently examined the necessary analysis to establish a claim for negligent infliction of emotional distress. 2022-00469, 2022-00539, 00730, p. 15, 356 So.3d at 949. To recover under a claim of negligent infliction of emotional distress,

> a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). *Mathieu v. Imperial Toy Corp.,* 94-952, pp. 4-5 (La. 11/30/94), 646 So.2d 318, 322). A negative answer to any of those inquiries results in a determination of no liability.

*Id.*

The Supreme Court also held that in addition to the general traditional duty-risk factors, a plaintiff must prove "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id.* (citing *Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So.2d 1081, 1096 (La. 1990)). "A claim for negligent infliction of emotional distress is a claim that, by definition, requires a plaintiff to prove negligence." *Id.* at 950. "[I]f the negligent conduct that causes emotional distress is

accompanied by physical injury, illness, or other physical consequences, the conduct need not be outrageous for the plaintiff to recover." *Covington v. Howard*, 49,135, p. 9 (La. App. 2 Cir. 8/13/14), 146 So. 3d 933, 939. Therefore, the analysis for a claim of negligent infliction of emotional distress begins with a duty-risk analysis.

As discussed above, the duty not to interfere with Ms. Jones Favret's legal custody of CF was owed by Mr. Favret, not by Ms. Kathy Favret or the Boyces. The language of La. R.S. 14:45.1 provides that it can only be violated by a "parent not having a right of custody." As explained previously, we determined that neither Ms. Kathy Favret nor the Boyces owed a duty to Ms. Jones Favret to not negligently precipitate the alleged crime of Mr. Favret. Accordingly, because a plaintiff must prove that the defendant owed a duty to succeed in a claim of negligent infliction of emotional distress, we similarly find that Ms. Jones Favret failed to state a cause of action for negligent infliction of emotional distress against Ms. Kathy Favret and the Boyces.

**Assignment of Error Number Four: Intentional Infliction of Emotional Distress**

In her fourth assignment of error, Ms. Jones Favret contends that the trial court erred when it determined that Ms. Jones Favret did not state of cause of action against Ms. Kathy Favret and the Boyces for intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, the plaintiff must prove: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from

18

the conduct. *Cunningham,* 2021-0532, p. 20, 336 So.3d at 991 (citing *White v. Monsanto,* 585 So.2d 1205, 1209 (La. 9/9/91)).

"Louisiana courts, like courts in other states, have set a very high threshold on conduct sufficient to sustain an emotional distress claim, and the Louisiana Supreme Court has noted that 'courts require truly outrageous conduct before allowing a claim . . . even to be presented to a jury.'" *Sullivan v. Malta Park*, 2014-0478, pp. 9-10 (La. App. 4 Cir. 12/10/14), 156 So.3d 751, 757 (quoting *Morris v. Dillard Dep't Stores*, 277 F.3d 743, 756-57 (5th Cir. 2001). For a claim of intentional infliction of emotional distress to be successful, "[t]he nature of the conduct must be 'so outrageous in character, and so extreme in degree' that it goes 'beyond all possible bounds of decency, and [is] regarded as atrocious and utterly intolerable in a civilized community.'" *Cunningham,* 2021-0532, p. 20, 336 So. 3d at 991 (alteration in original) (quoting *White*, 585 So.2d at 1209.) "'[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities' do not result in liability for intentional infliction of emotional distress." *Id*.

Ms. Jones Favret cites to *Dietz v. Dietz*, 2014-1164 (La. App. 3 Cir 5/6/15), 165 So.3d 342, to support the proposition that false allegations of abuse in pleadings made to deprive a mother of the custody of her child were found to be extreme and outrageous conduct.[9] However, in *Dietz*, the Third Circuit determined that a sister and brother, during a custody battle with the sister's ex-husband, made death threats and authorized their attorney to use extreme tactics such as a drive-by shooting and theft of confidential documents to get their desired custody and divorce outcome, among other severe misconduct. *Id.* at pp. 3-5, 165 So.3d at 347-

---

[9] While the claims against Mr. Favret are not before us, Ms. Jones Favret alleged in her petition that Mr. Favret made false accusations of child abuse to deprive Ms. Jones Favret custody of CF.

19

49. The Third Circuit found that this conduct rose to the level of extreme and outrageous and went beyond all possible bounds of decency, caused the plaintiff to suffer extreme emotional distress, and the defendants desired to inflict severe emotional distress. *Id.* at p. 27, 165 So.3d at 363.

Here, we find that neither Ms. Kathy Favret nor the Boyces' conduct rose to the level of extreme and outrageous. In her Petition and Amended Petition, Ms. Jones Favret alleged that Ms. Kathy Favret and the Boyces "engaged in tortious conduct that aided and abetted Mr. Favret in his criminal interference with Ms. [Jones] Favret's custody of her child, with the intent to deprive Ms. [Jones] Favret of the lawful custody of her child." Specifically, Ms. Jones Favret alleged that Ms. Kathy Favret brought personal items to Mr. Favret and CF while they were at the Boyce Residence when she knew that a warrant had been issued to Mr. Favret for the return of CF. Ms. Jones Favret also alleges that the Boyces allowed Mr. Favret to stay in their home despite their knowledge that Mr. Favret was concealing himself in their home and refused to return custody of CF. The Petition and Amended Petition do not set forth conduct so outrageous in character and extreme in degree as to go beyond all reasonable bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society. Ms. Jones Favret does not allege that Ms. Kathy Favret or the Boyces engaged in a pattern of conduct designed to deprive Ms. Jones Favret permanent custody of CF. Accordingly, we find that the factual allegations in the Petition and Amended Petition fail to reach the very high threshold on extreme and outrageous conduct sufficient to establish a claim of intentional infliction of emotional distress.

20

**ANSWER TO APPEAL**

As mentioned previously, Ms. Kathy Favret filed an "Answer to Appeal," wherein she asserts that Ms. Jones Favret's appeal is frivolous. Ms. Kathy Favret seeks damages under La. C.C.P. art. 2164, including attorney fees and costs incurred in defending this appeal. In her Answer to Appeal, Ms. Kathy Favret contends that the claims alleged by Ms. Jones Favret in the Petition and Amended Petition were "unwarranted, improper, and made solely for the purposes of harassing and financially burdening Ms. [Kathy] Favret on account of her relationship to Mr. Favret." Ms. Kathy Favret further contends that the appeal filed by Ms. Jones Favret "is presented for an improper purpose, namely, to harass and financial[ly] burden Ms. [Kathy] Favret."

> Louisiana Code of Civil Procedure Article 2164 states:
>
> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Our jurisprudence reflects that "[a]ppeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted[] due in part to the possible chilling effect on the appellate process." *Ellison v. Romero*, 2020-0376, p. 13 (La. App. 4 Cir. 8/11/20), ___ So.3d ___, ___, 2020 WL 4592805, at *7 (quoting *Johnson v. Johnson*, 2008-0060, pp. 5-6 (La. App. 4 Cir. 5/28/08), 986 So.2d 797, 801). "Likewise, because the statute allowing the imposition of damages for frivolous appeal is penal in nature, it 'must be strictly construed in favor of the appellant.'" *Id.* at p. 14, ___ So.3d at ___, 2020 WL 4592805, at *7 (quoting *Hunter v. Maximum Grp. Behavioral Servs., Inc.*, 2010-0930, p. 6 (La.

App. 4 Cir. 3/16/11), 61 So.3d 735, 739). Additionally, our "jurisprudence reflects that damages for a frivolous appeal may be awarded 'if the appellant is trying to delay the action or if the appealing counsel does not seriously believe the law he or she advocates.'" *Bruno v. Medley*, 2020-0515, p. 1 (La. App. 4 Cir. 11/2/20), 310 So.3d 580, 592 (Atkins, J., concurring) (quoting *Ellison*, 2020-0376, p. 13, ___ So.3d at ___, 2020 WL 4592805, at *7).

Consequently, "[e]ven when an appeal lacks serious legal merit, frivolous appeal damages will not be awarded unless the appeal was taken solely for the purpose of delay or the appellant's counsel is not serious in the position he [or she] advances." *Id.* (first alteration in original) (quoting *Miralda v. Gonzalez*, 2014-0888, p. 33 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1019). Thus, "[a]ny doubt regarding whether an appeal is frivolous must be resolved in the appellant's favor." *Id.* (alteration in original) (quoting *Streiffer v. Deltatech Constr., LLC*, 2019-0990, p. 17 (La. App. 4 Cir. 3/25/20), 294 So.3d 564, 578).

In the matter *sub judice*, we do not find this appeal to be frivolous. The record does not support a finding that this appeal was filed for the purpose of delaying the action or that Ms. Jones Favret's counsel did not seriously believe the law or position advocated. Accordingly, we find this matter does not meet the requirements of a frivolous appeal, and we deny Ms. Kathy Favret's request for frivolous appeal damages.

**DECREE**

For the foregoing reasons, we affirm the trial court's September 9, 2022 judgment, which granted the Boyces' and Ms. Kathy Favret's Second Exceptions of No Cause of Action and thereby dismissed Ms. Jones Favret's claims against

22

them. Further, we do not find the appeal to be frivolous and decline to award frivolous appeal damages to Ms. Kathy Favret.

**AFFIRMED**