JAMES F. MCKAY III, CHIEF JUDGE
This appeal stems from a redhibition action filed by the plaintiff/buyer, Roger P. Williams ("Mr. Williams"), against the defendants/sellers, Kelly and Michael R. Wood (the "Woods"). Mr. Williams seeks review of the October 23, 2017 judgment, which granted the Woods' exceptions of no cause of action and no right of action, and dismissed Mr. Williams' action with prejudice. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
In 2014, the Woods commenced construction of a residential double (the "Property") located at 6219-21 Vermillion Boulevard in New Orleans. Mr. Wood, a naval architect and marine engineer, prepared the plans and specifications. Upon completion on December 29, 2014, the Woods rented out the Property before selling it to Mr. Williams on January 19, 2016. A home inspection, performed prior to the sale by Paul DiLeo and A Home Check by *837 Paul Dileo, LLC, found no evidence of any structural defects.[1]
Subsequent to the purchase of the Property, Mr. Williams claims to have noticed vibrations and other signs of structural problems sufficient to cause him to hire a structural engineer to perform an inspection. He further claims that the inspection, conducted by Gurtler Bros. Consultants, Inc. on August 2, 2016, identified numerous structural defects in connection with the foundation.
On September 29, 2016, Mr. Williams filed a Petition in Redhibition, Breach of Contract, Breach of Duty and Negligence. Specifically, the petition alleges a claim against the Woods in redhibition, and individually against Mr. Wood for professional negligence, as the engineer responsible for the design.
In response, the Woods filed an exception of no cause of action arguing that Mr. Williams' exclusive remedy falls within the New Home Warranty Act ("NHWA"), not in redhibition. The Woods also filed an exception arguing that Mr. Williams has no right of action, and that the petition states no cause of action, against Mr. Wood for professional negligence.
The matter was heard October 6, 2017. The judgment rendered October 23, 2017, granted the exceptions and dismissed Mr. Williams' action with prejudice. This appeal followed.
On appeal, Mr. Williams asserts that the trial court erred: (1) in finding that the NHWA preempted the claim for redhibition despite the fact that the Property was not a "new home"; (2) in granting the exceptions and dismissing the negligence claim against Mr. Wood; and (3) in finding that the petition failed to allege any damage caused by Mr. Wood's defective design.
DISCUSSION
"Exceptions of no cause of action and no right of action present legal questions, and are reviewed under the de novo standard." Zeigler v. Housing Auth. of New Orleans , 2012-1168, p. 6 (La. App. 4 Cir. 4/24/13), 118 So.3d 442, 449 (citing St. Pierre v. Northrop Grumman Shipbuilding, Inc. , 2012-545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009 ).
As further explained by the Supreme Court in Badeaux v. Southwest Computer Bureau, Inc. , 2005-0612, 2005-719, pp. 6-7 (La. 3/17/06), 929 So.2d 1211, 1217,
The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927 ; Turner v. Busby , 03-3444, p. 4 (La. 9/9/04), 883 So.2d 412, 415. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Id.
In contrast, an exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Industrial Cos. , 02-0665 at p. 6, 837 So.2d at 1213.[2] The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. Id. In *838 reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. Id. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id. at p. 7, 837 So.2d at 1213 ; Barrie v. V.P. Exterminators, Inc. , 625 So.2d 1007, 1018 (La. 1993). If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Everything on Wheels Subaru, Inc. v. Subaru South, Inc. , 616 So.2d 1234, 1236 (La. 1993). Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Industrial Cos. , 02-0665 at p. 7, 837 So.2d at 1213.
Application of the NHWA
The NHWA was introduced by the legislature to "promote commerce in Louisiana by providing clear, concise and mandatory warranties for the purchasers and occupants of new homes in Louisiana," and the act sets out "the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction." La. R.S. 9:3141 ; Shaw v. Acadian Builders and Contractors, LLC, 2013-0397, p. 6 (La. 12/10/13), 130 So.3d 914, 917. The NHWA "provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply." La. R.S. 9:3150.
The NHWA provides the following express warranties:
A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
La. R.S. 9:3144
The following definitions are set forth in La. R.S. 9:3143 :
For purposes of this Chapter the following words, phrases, and terms shall be defined and construed as follows:
(1) "Builder" means any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased *839 the underlying real estate with the home.
(2) "Building standards" means the standards contained in the building code, mechanical-plumbing code, and electrical code in effect in the parish, city, or other local political subdivision where a home is to be located, at the time construction of that home is commenced, or, if the parish, city, or other local political subdivision has not adopted such codes, the Standard Building Code, together with any additional performance standards, if any, which the builder may undertake to be in compliance.
(3) "Home" means any new structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
(4) "Initial purchaser" means any person for whom a home is built or the first person to whom a home is sold upon completion of construction.
(5) "Major structural defect" means any actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:
(a) Foundation systems and footings.
(b) Beams.
(c) Girders.
(d) Lintels.
(e) Columns.
(f) Walls and partitions.
(g) Floor systems.
(h) Roof framing systems.
(6) "Owner" means the initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home during the time the warranties provided under this Chapter are in effect.
(7) "Warranty commencement date" means the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first.
In granting the Woods' exception of no cause of action, the trial court reasoned that all of the elements required for the NHWA to apply were met, i.e. , Mr. Williams is an "owner," the Woods are "builders," and the property is a "home," as those terms are defined in La. R.S. 9:3143.
On appeal, Mr. Williams contends, as he did in the trial court, that the NHWA only applies to new homes, and that the home he purchased was not a new home because it was occupied as a rental for over a year before it was purchased. Rejecting this argument, the trial court reasoned that the NHWA applied given that "Mr. Williams acquired the home during the time the warranties provided under the NHWA were in effect."
The record reveals that Mr. Wood completed construction of the Property and received a Certificate of Occupancy and Completion on December 29, 2014. Thereafter it was occupied by renters until purchased by Mr. Williams in January 2016. Thus, when Mr. Williams acquired the Property, the one-year warranty provided by the NHWA had expired and the two-year and five-year warranties had partially expired.[3]
*840 Mr. Williams argues that for the NHWA to apply, the owner should have full benefit of the one, two, and five-year warranties at the time of purchase. Mr. Williams' argument is not supported by the jurisprudence. In Shaw , 2013-0397, p. 10, 130 So.3d at 920, the Supreme Court recognized that the NHWA applies when a home is purchased after some of the warranty periods have elapsed. In the Shaw case, the builder, Acadian, sold the home to the Rakoskys on September 27, 2005. Shaw purchased the home from the Rakoskys in 2006, and filed suit against Acadian on June 24, 2009, approximately four years and eight months after the warranty commencement date. The Court determined that while the one and two-year warranties had expired, Shaw's action under the NHWA could proceed on the claim of structural defects under the five-year warranty period, which was yet to expire.
In the present case, Mr. Williams, similar to the successor in title in Shaw , purchased the Property with only some of the warranty periods remaining. After reviewing the record and the applicable law, we conclude, as did the trial court, that the NHWA applies here and precludes Mr. Williams' redhibition claim.
Accordingly, for the foregoing reasons, we affirm the trial court's judgment sustaining the exception of no cause of action as to Mr. Williams' redhibition claim. However, La. C.C.P. art. 934 provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." Since there are additional facts that may be pleaded, which may support a cause of action under the NHWA, the trial court erred in failing to allow Mr. Williams the opportunity to amend his petition to set forth sufficient allegations to state a valid cause of action under the NHWA. Therefore, that part of the trial court's judgment dismissing Mr. Williams' action with prejudice is reversed, and the matter is remanded to allow Mr. Williams an opportunity to amend the pleadings.
Professional Negligence
In his second and third assignments of error, Mr. Williams maintains that the trial court erred in dismissing his claims for professional negligence against Mr. Wood. We find merit in Mr. Williams' argument.
Mr. Williams asserted a professional negligence claim against Mr. Woods in his capacity as an engineer. In support of their peremptory exceptions to this claim, the Woods asserted the following two contentions in the trial court: (i) there was no contract between Mr. Williams and Mr. Wood to provide engineering services; and (ii) as Mr. Williams alleges to have sustained no damage other than a purported defective performance of a non-existent contract, he has not stated a cause of action in tort.
Mr. Williams acknowledges that he has no privity of contract with Mr. Woods, and is, therefore, restricted to suing for the damage caused by the faulty plans. He asserts that his petition, specifically paragraph 6, alleges damages caused by the defective design and construction.
The petition states, in pertinent part:
6.
The defects found by Gurtler Bros. Consultants, Inc. include, but are not limited to the following:
c. Obvious and discernable flexing of the floor framing that results in vibration of the flooring system and cracks *841 in sheetrock , which conditions are far in excess of flexing and vibrations that are encountered in residential construction and which manifest a structural defect; (emphasis added).
As this Court has observed, the jurisprudence of this state "recognizes the existence of a duty of care owed by design professionals to persons with whom the design professional does not have privity. In such a case, this Court has concluded that 'absent privity of contract a cause of action cannot be asserted based on breach of contract; however, this does not preclude asserting a claim for damages based on the wrongdoer's tort.' " MR Pittman Grp., LLC v. Plaquemines Par. Gov't , 2015-0396, p. 5, n. 1 (La. App. 4 Cir. 12/2/15), 182 So.3d 291, 294 (citing Gurtler, Hebert and Co., Inc. v. Weyland Machine Shop, Inc. , 405 So.2d 660, 662 (La. App. 4th Cir. 1981) ).
Articulating the standard for determining the circumstances in which a tort claim is proper in this context, this Court, in N. Clark, L.L.C. v. Chisesi , 2016-0599, p. 10 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1020 (internal citations omitted), stated as follows:
Where the damage sued for is the defectively performed work itself, the action is strictly a contractual one and only those who are in privity with the contractor have an action against him. However, where the damage sued for is not the defective work but is instead damage caused by the defective work, a tort action against the contractor is proper when the elements for delictual recovery are present.
The trial court applied this test and found that it was not met here, reasoning as follows:
The only damages alleged in the petition relate to the defective design of the plans and specifications by Mr. Wood and fails to allege any damages that were sustained, other than those related to the defective performance by Mr. Wood; therefore, Mr. Williams fails to state a cause of action in negligence.
We find this conclusion to be in error. While the petition predominately refers to the defective design, it states at least one discernable element of damage that was caused by the defective design. Paragraph 6(c) states that the flexing in the floor framing resulted in "cracks in the sheetrock." This allegation can reasonably be interpreted to state a cause of action for professional negligence as it refers to damage caused by the defective design. Thus, we find that Mr. Williams has stated a right of action and a cause of action for professional negligence. Accordingly, we reverse the trial court's judgment granting the exceptions of no cause and no right of action as to a claim for professional negligence.
CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment sustaining the exception of no cause of action as to Mr. Williams' redhibition claim. However, we reverse that part of the judgment dismissing Mr. Williams' action with prejudice, and remand with instructions that Mr. Williams be allowed to amend his petition to plead a claim under the NHWA. We further reverse the trial court's judgment granting the exceptions of no cause of action and no right of action as to the claim for professional negligence.
AFFIRMED IN PART, REVERSED IN PART; REMANDED
LOMBARD, J., DISSENTS WITH REASONS
LEDET, J., DISSENTING IN PART WITH REASONS
LOMBARD, J. DISSENTS WITH REASONS
*842 For policy reasons, I find the application of the New Home Warranty Act ("NHWA") in the instant matter to be patently unfair to the Plaintiff/Appellant Roger P. Williams. Mr. Williams purchased his home from the Woods, who constructed and designed the home.[1] The Woods then rented the home out for over a year prior to selling it to Mr. Williams. Mr. Williams alleges that he later discovered the existence of structural defects in the home; therefore, he sued the Woods, raising redhibition and negligence claims.
The stated purpose of the NHWA, originally enacted in 1986, is "to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana." La. Rev. Stat. 9:3141. The NHWA "provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply." La. Rev. Stat. 9:3150.
The NHWA provides for three warranties ranging in length from one to three years pursuant to La. Rev. Stat. 9:3144 :
(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards.
(2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards.
(3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards.
The "warranty commencement date" is the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first. La. Rev. Stat. 9:3143(7). In the instant matter, the record indicates that the home was first occupied at the end of 2014 or beginning of 2015, by a tenant.
Under the unique facts presented, the warranty and prescription clock began tolling during the tenants' occupancy although they derived no benefit or coverage under the NHWA. La. Rev. Stat. 9:3143(4). Moreover, Mr. Williams is penalized as the initial purchaser and barred from recovering for any defect "due to noncompliance with the building standards" under the one-year warranty because it had expired by the time he purchased the home. La. Rev. Stat. 9:3143(7). He was also left with very little time under the two-year warranty by the time he discovered the alleged structural defects of the home. Id. The fact that some of the warranties had fully expired also evidences that the home at issue was technically not "new" as a result of being rented out for approximately a year. La. Rev. Stat. 9:3143(3). It is unconscionable that a home buyer purchasing a used "new" home is essentially limited to the protections remaining after another individual has enjoyed actually living in a home when it was indeed new . La. Rev. Stat. 9:3143(4).
The application of the NHWA here leads to absurd consequences and solely inures to the benefit of the builders/contractors, the Woods, who became more shielded from liability with the passage of *843 time, regardless of who occupies or has occupied the home. If the NHWA is applied in this matter, future home buyers similarly situated, will also be left at a disadvantage with little warranty protection. For instance, if a newly constructed home is rented out by its builder for four years and later sold, should the initial homebuyer be solely limited to recovering for damages under the unexpired term of the five-year warranty? I think not.
The NHWA on its face is an oxymoron as it is not possible to have an old "new" house. The better alternatives under these circumstances are for either: 1) the NHWA to be deemed inapplicable because the "home" at issue is not new under La. Rev. Stat. 9:3143(3) and the original occupants were not the initial purchaser under La. Rev. Stat. 9:3143(4) ; or 2) for Mr. Williams to have procured his own warranty directly from the Woods or from a third party. The purpose of a just law is to promote just results and just outcomes. Finding that the application of the NHWA in this instance is unjust and belies its purpose to "promote commerce" and to provide "clear" warranties, I respectfully dissent.
LEDET, J., DISSENTING IN PART WITH REASONS
I agree with the majority's decision in all but one respect. I disagree with the majority's decision to reverse the trial court's judgment sustaining the peremptory exceptions of no cause of action and no right of action as to Mr. Williams' professional negligence claim against Mr. Woods in his capacity as an engineer. In support of their peremptory exceptions to this claim, the Woods asserted the following two contentions in the trial court: (i) there was no contract between Mr. Williams and Mr. Woods to provide engineering services; and (ii) as Mr. Williams alleges to have sustained no damage other than a purported defective performance of a non-existent contract, he has not stated a cause of action in tort. Finding this argument persuasive, the trial court granted the exceptions.
On appeal, Mr. Williams challenges this finding. His position is that the alleged defectively performed work is Mr. Wood's defective design and that the defects alleged in his petition are the damages he sustained as a result of Mr. Wood's defective design. The majority finds that Mr. Williams has stated a cause of action and a right of action. Contrary to the majority, I find the allegations in the petition are insufficient to state a tort claim against Mr. Wood. Rather, as the trial court found, the petition fails to allege any damages apart from those related to the defective performance.
Illustrating the distinction between damages related to defective performance and damages caused by the defective performance, this court in Lumber Products, Inc. v. Hiriart , 255 So.2d 783, 787-88, n. 7 (La. App. 4th Cir. 1971), cited the following three cases: Marine Ins. Co. v. Strecker , 234 La. 522, 100 So.2d 493 (1957) ; Kendrick v. Mason , 234 La. 271, 276, 99 So.2d 108, 110 (1958) ; and Truxillo v. Gentilly Med. Bldg., Inc. , 225 So.2d 488, 489 (La. App. 4th Cir. 1969). This court observed the following regarding each of those cases:
• In Strecker , "the tenant could not have sued for the repair of defectively hung cabinets, but she was allowed to sue for the damage caused by this defect," which was damage to the tenant's property (loss of glassware broken when the cabinet fell). Lumber Products , 255 So.2d at 786 ;
• In Kendrick , "the plaintiff could not have sued the contractor for the cost of remedying defects in the installation *844 of the town sewer system, but his tort action against the contractor was allowed for damage to his come caused by defects in the installation of the sewer system even though he was no privy to the contract." Lumber Products , 255 So.2d at 787 ; and
• In Truxillo , "the business visitor to a building could not have sued the building's janitorial contractor for breach of contract in failing to properly eliminate excess cleaning water from a hallway, but his suit against that contractor was allowed when the excess water precipitated his fall and caused him bodily injury." Lumber Products , 255 So.2d at 787-88.
In this case, as the trial court reasoned, "[t]he only damages alleged in the petition relate to defective design of the plans and specifications by Mr. Woods" and not to "any damages that were sustained, other than those related to the defective performance by Mr. Wood." Thus, I agree with the trial court that the facts alleged in the petition fail to state a cause of action against Mr. Wood for professional negligence.
Additionally, "[w]hen, as here, the petition fails to state a cause of action, there can be no right of action." Chisesi , 16-0599, p. 12, 206 So.3d at 1021 (citing NOLA 180 v. Harrah's Operating Co., Inc. , 12-0072, p. 7 (La.App. 4 Cir. 5/16/12), 94 So.3d 886, 890 ). Thus, I would affirm the trial court's judgment granting the exceptions of no cause and no right of action as to the professional negligence claim.
For these reasons, I dissent in part.

Paul DiLeo and A Home Check by Paul DiLeo, LLC, originally named defendants in this action, were dismissed by joint motion of the parties on September 25, 2017.

Indus. Companies, Inc. v. Durbin, 2002-0665 (La. 1/28/03), 837 So.2d 1207.

We note that the structural defects alleged in the petition fall within the five-year warranty period.

Specifically, Mr. Wood designed the home.