**BENJAMIN PRI-TAL AND MARY GASTON**

**VERSUS**

**PROGRESSIVE PROPERTY INSURANCE COMPANY**

\*        **NO. 2024-CA-0531**

\*

\*       **COURT OF APPEAL**

\*

\*       **FOURTH CIRCUIT**

       **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-09683, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Dale N. Atkins**
\* \* \* \* \* \*

(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Dale N. Atkins)

Caleb H. Didriksen, III
Erin Bruce Saucier
Carl A. "Trey" Woods, Esq.
DIDRIKSEN, SAUCIER, & WOODS, PLC
3114 Canal Street
New Orleans, LA 70119


    COUNSEL FOR PLAINTIFF/APPELLANTS, Benjamin Pri-Tal and Mary Gaston


LaDonna G. Schexnyder
Tina L. Kappen
Sarah C. Laurie
Megan M. Clark
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130


    COUNSEL FOR DEFENDANT/APPELLEE, Progressive Property Insurance Company

**REVERSED AND REMANDED**
**MAY 14, 2025**

DNA

RLB

RML


This dispute stems from an insurance claim filed after Hurricane Ida struck Louisiana on August 29, 2021.[1] Appellants, Benjamin Pri-Tal and Mary Gaston (collectively "Appellants"), seek review of the trial court's June 5, 2024 judgment, which granted the Exceptions of No Cause of Action and No Right of Action filed by Appellee, Progressive Property Insurance Company ("Progressive"), and dismissed Appellants' claims against Progressive with prejudice. In the judgment, the trial court also ruled that Progressive's "Motion . . . to Opt Out of Hurricane Ida Case Management Order, Or Alternatively, to Stay Case Management Order Deadlines" ("Motion to Opt Out") had been rendered moot by its grant of Progressive's Exceptions of No Cause of Action and No Right of Action. For the following reasons, we reverse the trial court's June 5, 2024 judgment and remand this matter for further proceedings.

---

[1] As we have previously explained, "[t]his Court can take judicial notice of government websites." *Filmore Parc Apartments II v. White*, 2024-0475, 0476, p. 15 (La. App. 4 Cir. 2/14/25), ___ So.3d ___, ___, 2025 WL 502045, at *7 n.4 (citing *Bankers Ins. Co. v. EMIII Holdings, LLC*, 2024-0386, p. 1 (La. App. 4 Cir. 12/16/24), ___ So.3d ___, ___, 2024 WL 5116650, at *1 n.1). Accordingly, we take judicial notice of the National Ocean Service: National Oceanic and Atmospheric Administration's website, which states that "Hurricane Ida made landfall as [a] Category 4 hurricane in Lafourche Parish near Port Fourchon, Louisiana . . . . Landfall occurred at 11:55 a.m. on August 29, 2021." *Hurricane Ida: NOS Fiscal Year 2021 Year in Review*, NATIONAL OCEAN SERVICE: NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, https://oceanservice.noaa.gov/annualreport/2021/hurricane-ida.html#:~:text=Hurricane%20Ida%20made%20landfall%20as,a.m.%20on%20August%2029%2C%202021 (last visited May 6, 2025).

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### <u>Appellants' Petition for Damages</u>

On August 28, 2023, Appellants filed a Petition for Damages ("Petition") in Civil District Court for the Parish of Orleans, wherein they named Progressive as the sole defendant. In their Petition, Appellants alleged that, "[a]t all times pertinent herein," they were the owners of the property located at 2139 Peniston Street, New Orleans, Louisiana 70115 ("the Property"). Appellants explained that "[o]n August 28 & 29, 2021, Hurricane Ida caused severe and substantial wind damage to said residence, including roof damage and damage to the interior and exterior of the . . . residence." Regarding the alleged wind damage, Appellants stated that, at the time of Hurricane Ida, Progressive "was the dwelling insurance carrier for . . . 2139 Peniston Street" under Policy No. LAL148575. Appellants stated Progressive had not yet tendered payment for the damage the property experienced and that they were "initiating a claim with [Progressive] . . . . for wind damages sustained at the insured premises as a result of Hurricane Ida."

### <u>Progressive's Answer</u>

On February 20, 2024, Progressive filed its Answer to Appellants' Petition. Therein, Progressive admitted that it issued a homeowners' insurance policy to Appellants, and Progressive stated the policy period was from October 22, 2020, to October 22, 2021. Progressive also asserted twenty-six affirmative defenses in its Answer. Relevant to this appeal, in its tenth affirmative defense, Progressive quoted the following section from the homeowners' insurance policy:

**SECTION I – CONDITIONS**

**What Must Be Done After A Loss**

> In the event of a loss to which coverage may apply, the following duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
> 1. Give us immediate notice. When the loss is caused by the peril of windstorm or hail, that notice must occur no later than one year after the date of loss;
>
> . . . .
>
> We have no duty to provide coverage under this policy if there is a failure to comply with the above duties and that failure is prejudicial to us.

The above-quoted provision will hereinafter be referred to as the "Notice Provision." Progressive quoted more of the "**SECTION I – CONDITIONS**" part of the contract as follows:

> **Legal Action Against Us**
>
> No legal action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the legal action is filed within two years after the date of loss.

The above-quoted provision will hereinafter be referred to as the "Legal Action Provision."

### Progressive's Peremptory Exceptions of No Right of Action and No Cause of Action

Subsequently, on March 6, 2024, Progressive filed Peremptory Exceptions of No Right of Action and No Cause of Action (collectively "Exceptions"). In its Exceptions, Progressive argued Appellants' claim for damages was "untimely" and "should be dismissed on the basis of [Appellants'] failure to comply with the conditions of the [homeowners' insurance] policy." In particular, Progressive alleged Appellants failed to comply with the Notice Provision because they did not report their claim to Progressive within one year of the alleged loss, i.e., within one year of Hurricane Ida. Rather, according to Progressive, Appellants did not report

their claim until the filing of their lawsuit, which was two years after the alleged loss, i.e., two years after Hurricane Ida. Progressive stated the purpose of the Notice Provision is for the insurer to have "an opportunity to investigate the alleged damage as soon as possible following the loss in an effort to minimize the impact of the passage of time on the investigation." Progressive further argued that timely reporting of the claim within one year of the alleged loss is "a condition precedent to an insured's right to recover and/or bring suit under the policy," such that Appellants' failure to comply with the Notice Provision constituted a "breach of the policy terms."

Progressive further alleged that not only was Appellants' Petition "devoid of any allegations [Appellants] previously notified Progressive of any alleged loss from [Hurricane] Ida" but that "[t]he late claim reporting [was] evident on the face of [Appellants]' Petition and Policy" because Appellants "admit[ted] on the face of their Petition that they [were] initiating [their] claim by filing suit two years after the alleged date of loss."[2] Accordingly, Progressive asserted the trial court should grant its Exceptions and dismiss Appellants' claims with prejudice. In support of its Exceptions, Progressive attached a copy of the homeowners' insurance policy.

Progressive also filed on March 6, 2024, a Motion to Opt Out. Progressive filed its Motion to Opt Out regarding a "Case Management Order Regarding Certain Property Damage Suits Arising from Hurricane Ida" ("CMO") issued by the Orleans Parish Civil District Court after Hurricane Ida. In its Motion to Opt Out, Progressive argued that "[f]or the sake of judicial efficiency, the parties should be able to focus their efforts on the narrow issues presented by this case,

_____

[2] Progressive pointed to the following statement in Appellants' Petition: "Petitioners are *initiating* a claim with [Progressive] for wind damages sustained at the premises as a result of Hurricane Ida which occurred on or about August 28 & 29, 2021." (Emphasis added.)

i.e., the determination of Progressive's pending [E]xceptions." Progressive further argued that "[g]iven the limited issues presented by the case *sub judice*," the matter "should be removed from the dictates of the Hurricane [Ida] CMO."

### Appellants' Opposition to Exceptions

On May 8, 2024, Appellants filed an Opposition to Progressive's Exceptions, wherein they argued that "Progressive's Exceptions fail as a matter of law, as Progressive [was] required under both Louisiana law and the terms of the policy to show evidence of actual and material prejudice in order to sustain a coverage exclusion for an alleged failure to cooperate under the terms of the policy." In this regard, Appellants further argued that "Progressive has not submitted a single piece of evidence nor made a single argument that it was prejudiced by the timing of the notice of this claim. Instead, Progressive's pleadings completely ignored the element of prejudice."[3] Quoting jurisprudence from the Louisiana Third Circuit Court of Appeal, Appellants contended the notice requirement functions "to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected."[4]

### Progressive's Reply

On May 14, 2024, Progressive filed a reply in support of its Exceptions ("Reply"). Therein, Progressive argued that prejudice was a nonissue in this matter

---

[3] Of note, Appellants also contended in their Opposition that "the appropriate procedural device for submitting this argument would be a motion for summary judgment, not exceptions, as Progressive's arguments ask the [c]ourt to weigh evidence of disputed facts."

[4] Appellants quoted from *Miller v. Marcantel*, 221 So.2d 557, 559 (La. App. 3d Cir. 1969).

5

because the homeowners' insurance policy established "no legal action can be brought against [Progressive] without full compliance" with the terms of the policy, i.e., the Legal Action Provision. Nonetheless, Progressive asserted it was prejudiced by Appellants' late reporting of their claim, contending:

> Over the past two years, this property has sustained potential damages from numerous other rain, wind, and hail events. It is impossible for Progressive now to accurately determine what damages are related to Hurricane Ida. [Appellants] denied Progressive the opportunity to adjust this claim such that it could ascertain actual damages related to Hurricane Ida.

Progressive explained Appellants "did not even have the home inspected for damages until [October 2023] after they filed the Petition."

**Hearing and June 5, 2024 Judgment**

On May 16, 2024, the trial court held a hearing on Progressive's Exceptions. In pertinent part, counsel for Progressive argued that Appellants did not comply with their homeowners' insurance policy because they did not timely notify Progressive about their alleged damages. Counsel for Progressive further contended Progressive did not "have to argue prejudice." Nevertheless, counsel for Progressive contended Progressive was "prejudiced by this" lack of timely notice and had "no way of knowing what damages are related to Hurricane Ida" because "New Orleans has experienced multiple hail, wind, [and] flood events" since Hurricane Ida. The trial court agreed that Progressive had been prejudiced by Appellants' failure to give notice to Progressive within one year, stating:

> In that two years there [have] been multiple incidents of damage and there has been allegedly no damage or repairs done to the property. How is that not prejudicial to [Progressive]? They do not know what [Hurricane] Ida destroyed. They do not know what the last storm did or the last two or three storms did. Where is the damage?

6

Thereafter, the trial court orally granted Progressive's Exceptions and dismissed Appellants' claims with prejudice. Of note, neither party introduced evidence during the hearing.

On June 5, 2024, the trial court signed a judgment in accordance with its oral ruling:

> Considering the pleadings, memoranda, exhibits, argument of counsel, and the law,
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that Progressive Property Insurance Company's Exceptions of No Right of Action and No Cause of Action are **SUSTAINED**, and all claims of Plaintiffs against Defendant in the Petition, along with attorney's fees, interest, and costs be and are hereby **DISMISSED, with prejudice;**
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Progressive Property Insurance Company's Motion to Opt [Out] of the CMO is now **MOOT**.

Appellants' timely appeal to this Court followed.

## ASSIGNMENTS OF ERROR

In their brief to this Court, Appellants assert four assignments of error:

1. The trial court erred as a matter of law by failing to apply the proper legal standards for exceptions.

2. The trial court erred as a matter of law by granting the exceptions based upon an affirmative defense.

3. The trial court erred as a matter of law by ruling that Progressive was prejudiced by the timing of the notice of this claim despite no evidence of prejudice having been submitted.

4. The trial court erred as a matter of public policy and as a matter of law in dismissing the claim based upon an alleged breach of the cooperation clause in an insurance contract relating solely on the timing of the notice of the claim.

Prior to addressing Appellants' assignments of error, we begin our discussion with a preliminary matter.

## PRELIMINARY MATTER

## <u>Whether Appellants Abandoned the No Right of Action Issue</u>

In its brief to this Court, Progressive argues Appellants failed to brief any alleged errors associated with the trial court sustaining its Exception of No Right of Action and did not address the effect of the Legal Action Provision. Rather, according to Progressive, Appellants' brief discusses "only alleged errors associated with that portion of the judgment sustaining [Progressive's Exception of No Cause of Action]." Progressive argues Appellants have thus abandoned their right to challenge the trial court's judgment insofar as it granted Progressive's Exception of No Right of Action.

Having reviewed Apellants' brief, we disagree with Progressive's contentions. Rather, we find Appellants addressed the Exceptions collectively in their brief by referring generally to the Exception of No Right of Action and the Exception of No Cause of Action as "the exceptions." Moreover, we point to Rule 2-12.4 of the Uniform Rules of the Courts of Appeal, which is titled "Appellant Brief." It states that "[a]ll assignments of error and issues for review shall be briefed. The court *may* deem as abandoned any assignment of error or issue for review which has not been briefed." Rule 2-12.14, Uniform Rules, Courts of Appeal (emphasis added). As the Louisiana Supreme Court has explained, a "cardinal rule of statutory interpretation [is] that the word 'may' is permissive." *Pierce Founds., Inc. v. Jaroy Constr., Inc.*, 2015-0785, p. 8 (La. 5/3/16), 190 So.3d 298, 304 (quoting *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921, p. 12 (La. 5/5/15), 169 So.3d 328, 336). Because Rule 2-12.4(B)(4) uses the permissive language "may," whether to consider an issue abandoned is up to the discretion of this Court. Thus, not only do we find Progressive's characterization of Appellants'

8

brief to be inaccurate, even if Appellants had failed to brief this issue we retain the discretion to review it anyway. Accordingly, we will consider whether the trial court was correct in granting each of Progressive's Exceptions.

**DISCUSSION**

Based on our review of the record and the parties' briefs, resolution of this matter requires us to determine the following issues: 1) whether the trial court erred in sustaining Progressive's Exception of No Right of Action; and 2) whether the trial court erred in sustaining Progressive's Exception of No Cause of Action.

**Progressive's Exception of No Right of Action**

Now, we consider whether the trial court erred in granting Progressive's Exception of No Right of Action. Progressive argued to the trial court that it should grant this exception on the basis of Appellants' failure to comply with the provisions of their homeowners' insurance policy. Appellants countered that Progressive's Exception of No Right of Action should fail because Progressive did not prove prejudice corresponding with their alleged non-compliance. As noted above, the trial court agreed with Progressive's argument that Progressive had been prejudiced by Appellants' alleged non-compliance. We begin our analysis of this issue with the standard of review and principles applicable to the exception of no right of action.

As this Court recently held, "[a]n appellate court reviews a trial court's ruling on an exception of no right of action *de novo*." *Hurel v. Nat'l Fire & Marine Ins. Co.*, 2025-0049, p. 8 (La. App. 4 Cir. 3/11/25), ___ So.3d ___, ___, 2025 WL 762645, at *4 (alteration in original) (quoting *Crosby v. Waits, Emmett, Popp & Teich, L.L.C.*, 2021-0054, p. 9 (La. App. 4 Cir. 10/6/21), 366 So.3d 323, 329). This is "because an 'exception of no right of action presents a question of law,' such

9

that the appellate court's review 'involves determining whether the trial court was legally correct in sustaining such exception.'" *Id. See also N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015 (citing *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 2012-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009). If the trial court had to make any factual determinations in determining whether the plaintiff has a right of action, then the appellate court reviews those for manifest error. *Crosby*, 2021-0054, p. 9, 366 So.3d at 329 (quoting *Rebel Distribs. Corp., Inc. v. LUBA Workers' Comp.*, 2013-0749, p. 10 (La. 10/15/13), 144 So.3d 825, 833 n.8).

A defendant raises the objection of "[n]o right of action, or no interest in the plaintiff to institute the suit" via a peremptory exception. La. C.C.P. art. 927(A)(6). "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art 923. Additionally, as this Court recently explained, "[t]the function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hurel*, 2025-0049, p. 8, ___ So.3d at ___, 2025 WL 762645, at *4 (alteration in original) (quoting *Crosby*, 2021-0054, p. 10, 366 So.3d at 330). *See also Hood v. Cotter*, 2008-0215, 0237, p. 17 (La. 12/2/08), 5 So.3d 819, 829 (citing *Indus. Cos. v. Durbin*, 2002-0665, p. 12 (La. 1/28/03), 837 So.2d 1207, 1216). While the exception of no right of action "assumes that the petition states a valid cause of action for some person," it "questions whether the particular plaintiff has standing to bring the lawsuit" and "questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.'" *Downtown Dev. Dist. of*

10

*City of New Orleans v. City of New Orleans*, 2018-0726, p. 6 (La. App. 4 Cir. 5/8/19), 272 So.3d 917, 924 (quoting *Howard v. Adm'rs of Tulane Educ. Fund*, 2007-2224, p. 17 (La. 7/1/08), 986 So.2d 47, 60). Stated otherwise, when ruling on an exception of no right of action, "a court must determine if the plaintiff has standing and a legal interest to bring the suit." *Hurel*, 2024-0049, pp. 8-9, ___ So.3d at ___, 2025 WL 762645, at *4 (citing *Crosby*, 2021-0054, p. 11, 366 So.3d at 330-31. This determination is necessary because La. C.C.P. art. 681 states that "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."

The burden of proving that the plaintiff does not have standing and a legal interest to bring the suit rests with the defendant-exceptor. *Crosby*, 2021-0054, p. 10, 366 So.3d at 330 (quoting *Williams v. Buck Kreihs Marine Repair, LLC*, 2021-0001, p. 4 (La. App. 4 Cir. 2/24/21), 314 So.3d 1040, 1044). *See also Lestelle & Lestelle v. Campo Music Shopping Ctr. Condominium Ass'n.*, 2021-0077, p. 4 (La. App. 4 Cir. 3/23/21), 315 So.3d 331, 334 (quoting *Hosp. Consultants, LLC v. Angeron*, 2009-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240). The parties may introduce evidence to support or controvert the exception of no right of action "when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. However, while the parties may introduce evidence, "whether the *defendant* may be able to defeat the plaintiff's cause of action is immaterial to the determination of an exception of no right of action." *Wirthman-Tag Constr. Co. v. Hotard*, 2000-2298, 2299, pp. 3-4 (La. App. 4 Cir. 12/19/01), 804 So.2d 856, 860 (citing *Alside Supply Co. v. Ramsey*, 306 So.2d 762, 763 (La. App. 4th Cir. 1975)). Stated another way, "[t]he exception of no right of action relates solely to the person of the *plaintiff*. It cannot be used to . . . urge that the *plaintiff* has no right

of action because there is a valid defense." *Id.* at p. 3, 804 So.2d at 859 (citing *Honeywell, Inc. v. Sierra*, 543 So.2d 594, 596 (La. App. 4th Cir. 1989)). Accordingly, "[a]ny evidence admitted which does not relate to the *plaintiff's* right of action must therefore be referred to the merits of the case." *Id.* at p. 4, 804 So.2d at 860 (citing *Nw. Ins. Co. v. Carpenters Dist. Council of New Orleans & Vicinity*, 470 So.2d 218, 220 (La. App. 4th Cir. 1985)). This evidentiary rule applies to "affirmative defenses, which may not be raised through the peremptory exception of no right of action." *Id.* (citing *Comet Drilling Co. v. Tri-State Oil Tool Indus., Inc.*, 337 So.2d 567, 569 (La. App. 2d Cir. 1976)).

Reviewing Progressive's Exception of No Right of Action *de novo* and with the above principles in mind, we consider Appellants' Petition and the evidence offered by Progressive in support of the exception. Appellants alleged the following in their Petition:

I.

[Progressive], a foreign insurance company authorized and presently doing business in the Parish of Orleans, State of Louisiana and at all material times was the dwelling insurance carrier for the residences located at 2139 Peniston Street, New Orleans, LA 70115, under Policy No. LAL148575. Said insurance policy had coverage for (A) Dwelling, (B) Other Structures, (C) Personal Property and (D) Loss of Use.

II.

At all times pertinent herein, Petitioners were the owner of the properties to be located at 2139 Peniston Street, New Orleans, LA 70115.

III.

On August 28 & 29, 2021, Hurricane Ida caused severe and substantial wind damage to said residence, including roof damage and damage to the interior and exterior of the insureds' residence.

Additionally, Progressive attached the homeowners' insurance policy as an exhibit to its Exception of No Right of Action. In pertinent part, the declarations page listed the named insureds as Benjamin M. Pri-Tal and Marcy C. Gaston, i.e., Appellants, and provided their address as 2139 Peniston St., New Orleans, LA 70115-5817, i.e., the Property. The declarations page also listed that address as the "Residence Premises." Further, the declarations page provided that the policy period was from October 22, 2020, to October 22, 2021. As seen in the above quote, Appellants' Petition alleged Hurricane Ida struck Louisiana during this time period; and we have taken judicial notice of the date Hurricane Ida struck Louisiana, August 29, 2021.

Appellants' Petition and the homeowners' insurance policy established Appellants are the named insureds on the homeowners' insurance policy issued by Progressive; they are the owners of the subject property; and they are suing Progressive for payment of damages to the property. Pursuant to our *de novo* review, we conclude Appellants have standing and a legal interest in the subject matter of this litigation and Progressive failed to meet its burden of demonstrating otherwise. Appellants have a legal interest in the subject matter of the litigation at issue and belong to the class of persons to whom the law grants the cause of action asserted in their Petition, i.e., an insured's cause of action against their insurer to recoup damages after a covered loss. As summarized previously, in its Exception of No Right of Action, Progressive relied on the argument that Appellants were not entitled to damages because they breached the terms of their homeowners' insurance policy by failing to comply with the Notice Provision. However, this argument constituted a potential defense to Appellants' suit because it related to whether Progressive may be able to defeat Appellants' cause of action and win on

13

the merits. As such, it should not have served as a basis for finding Appellants did not have a right of action. *See Wirthman-Tag Constr. Co.*, 2000-2298, 2299, pp. 3-4, 804 So.2d at 859-60 (citations omitted). The trial court was legally incorrect in granting Progressive's Exception of No Right of Action on that basis. Accordingly, we reverse the trial court's June 5, 2024 judgment insofar as it sustained Progressive's Exception of No Right of Action.

### Progressive's Exception of No Cause of Action

Next, we consider whether the trial court erred in granting Progressive' Exception of No Cause of Action. Progressive argued in its Exception of No Cause of Action that Appellants breached the Notice Provision of their insurance policy, which was the same argument Progressive made in its Exception of No Right of Action. Progressive further argued it did not need to prove Appellants' lack of timely notice was prejudicial because the Legal Action Provision did not require same. Nonetheless, Progressive contended Appellants' untimely notice was prejudicial to its investigation of their claim. Appellants countered that Progressive had to prove the untimely notice was prejudicial yet failed to do so. We begin our discussion of this issue with the standard of review and principles applicable to the exception of no cause of action.

As with an exception of no right of action, "[a]n exception of no cause of action presents a question of law, so an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*." *Cunningham v. City of New Orleans*, 2021-0532, p. 9 (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 986 (first citing *Fertitta v. Regions Bank*, 2020-0300, p. 7 (La. App. 4 Cir. 12/9/20), 311 So.3d 445, 451; then citing *White v. New Orleans Ctr. for Creative Arts,* 2019-0213, 0214, p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819; and then citing *Badeaux*

*v. Sw. Comput. Bureau, Inc.*, 2005-0612, 719, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217). Also like the exception of no right of action, a defendant raises the objection of no cause of action via a peremptory exception. La. C.C.P. art. 927(A)(5). As stated previously regarding the exception of no right of action, "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.

However, while "[t]he exceptions of no cause of action and no right of action are often confused or improperly combined," these "are separate and distinct" objections. *Warren v. HDI Glob. Ins. Co.*, 2021-570, p. 3 (La. App. 5 Cir. 5/16/22), 341 So.3d 1249, 1253 (citing *Badeaux*, 2005-0612, 719, p. 6, 929 So.2d at 1216). As this Court has explained, a "primary difference[] between the exception of no right of action and no cause of action lies in the fact that the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, while the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant." *Downtown Dev. Dist. of City of New Orleans*, 2018-0726, pp. 5-6, 272 So.3d at 924 (citing *Badeaux*, 2005-0612, 719, p. 6, 929 So.2d at 1216-17). That is, an "exception of no cause of action questions whether the law extends a remedy against a defendant to *anyone* under the factual allegations of a petition." *Cunningham*, 2021-0532, p. 10, 336 So.3d at 986 (emphasis added) (quoting *Fertitta*, 2020-0300, p. 6, 311 So.3d at 450). The exception of no cause of action "tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.'" *Id.* In the context of an exception of no cause of action, the phrase "'cause of action[]' . . . refers to the operative facts that give rise to the plaintiff's

right to judicially assert the action against the defendant." *Grayson v. Gulledge*, 55,214, p. 13 (La. App. 2 Cir. 9/27/23), 371 So.3d 1133, 1142 (citing *Sharp v. Melton*, 53,508, p. 3 (La. App. 2 Cir. 5/20/20), 296 So.3d 1135, 1139).

"The moving party bears the burden of demonstrating that the [plaintiff's] petition fails to state a cause of action." *Cunningham*, 2021-0532, p. 10, 336 So.3d at 986 (citing *Zeigler v. Hous. Auth. of New Orleans*, 2012-1168, p. 7 (La. App. 4 Cir. 4/24/13), 118 So.3d 442, 449). However, "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La. C.C.P. art. 931. Rather, when "deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Cunningham*, 2021-0532, p. 10, 336 So.3d at 986 (quoting *Fertitta*, 2020-0300, p. 7, 311 So.3d at 451). *See also Ross v. State Through Univ. of La. Sys.*, 2022-0382, p. 7 (La. App. 4 Cir. 11/18/22), 352 So.3d 90, 94 (quoting *Green v. Garcia-Victor*, 2017-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453). That is, the court looks only at "the four corners of the petition together with the attachments to the petition" in reviewing an exception of no cause of action. *Ziegler*, 2012-1168, p. 7, 118 So.3d at 449 (citing *Milburn v. Emanuele*, 2012-0235, p. 3 (La. App. 4 Cir. 6/13/12), 96 So.3d 638, 640). As the Louisiana First Circuit has explained, "a well-established exception to this rule" is "that evidence may be properly considered by the court in ruling on an exception of no cause of action where evidence is admitted [at the hearing on the exception] without objection. In those instances, the pleadings are considered to have been enlarged." *City Nat'l Bank of Baton Rouge v. Brown*, 599 So.2d 787, 789 (La. App. 1st Cir. 1992) (first citing *Hartman Enters. v. Ascension-St. James Airport & Transp. Auth.*, 582 So.2d 198, 202 n. 2) (La. App. 1st Cir. 1991); and then citing

16

*Jordan v. Sweeney*, 467 So.2d 569, 571 (La. App. 1st Cir. 1985)). *See also Stephenson v. Nations Credit Fin. Servs. Corp.*, 1998-1688, 1689, p. 14 (La. App. 1 Cir. 9/24/99), 754 So.2d 1011, 1021 (citations omitted); *Sivils v. Mitchell*, 1996-2528, p. 4 (La. App. 1 Cir. 11/7/97), 704 So.2d 25, 27-28 (citations omitted).

As this Court has previously held, "[t]he standard for granting an exception of no cause of action is not the likelihood that the plaintiff will prevail at trial." *Doe v. Smith*, 2005-0653, p. 2 (La. App. 4 Cir. 7/13/05), 913 So.2d 140, 141. Instead, as the Louisiana Third Circuit Court of Appeal has explained:

> An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleading[]. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law.

*Davidson v. Sanders*, 2018-308, p. 7 (La. App. 3 Cir. 12/6/18), 261 So.3d 889, 895 (internal citation omitted) (quoting *Sun Coast Contracting Servs., Inc. v. Dien's Auto Salvage, Inc.*, 2014-307, p. 2 (La. App. 3 Cir. 10/1/14), 148 So.3d 964, 966-67*). See also City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist.,* 1993-0690, p. 29 (La. 7/5/94), 640 So.2d 237, 253 (citations omitted). In other words, a court should grant an exception of no cause of action only when, "on the face of the petition, accepting as true all its allegations, and with every doubt resolved [on] the plaintiffs' behalf, the petition" does not "state[] any valid cause of action for relief." *Doe*, 2005-0653, p. 2, 913 So.2d at 141 (citing *Copeland v. Treasure Chest Casino, L.L.C.*, 2001-1122, p. 3 (La. App. 1 Cir. 6/21/02), 822 So.2d 68, 70). This is because "it appears beyond doubt that the plaintiff can prove no set of facts in

support of any claim which would entitle him to relief" or because "the plaintiff is not entitled to the relief he seeks as a matter of law." *Williams v. Wood*, 2017-1049, p. 3 (La. App. 4 Cir. 10/31/18), 258 So.3d 834, 837-38 (quoting *Badeaux*, 2005-0612, 719, p. 7, 929 So.2d at 1217); *Cunningham*, 2021-0532, p. 11, 336 So.3d at 986 (quoting *Fertitta*, 2020-0300, p. 7, 311 So.3d at 451).

By contrast, "[i]f the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled." *Williams*, 2017-1049, p. 3, 258 So.3d at 838 (citing *Everything on Wheels Subaru, Inc. v. Subaru S. Inc.*, 616 So.2d 1234, 1236 (La. 1993)). In determining whether to overrule an exception of no cause of action, a court should bear in mind that "[e]very reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial." *Id.* (citing *Indus. Cos.*, 2002-0665, p. 12, 837 So.2d at 1216).

With the above principles in mind during our *de novo* review, we find Appellants set forth a cause of action in their Petition. Appellants' Petition asserted they held a policy of homeowners' insurance issued by Progressive; experienced damage to their property that fell within the scope of the coverage offered by their policy; suffered this damage while the policy was in effect; and had not received payment from Progressive for said damage. These allegations delineate an insured's cause of action against their insurer to recoup damages after a covered loss when payment has not yet been tendered.

Moreover, we find the trial court erred procedurally in its grant of Progressive's Exception of No Cause of Action. As explained previously, Progressive's Exception of No Cause of Action was based on Appellants' alleged

violation of the Notice Provision of the homeowners' insurance policy, and Progressive attached the policy as an exhibit to its Exceptions. The trial court granted Progressive's exception on that basis, finding Progressive was prejudiced by Appellants' violation of the policy, namely the Notice Provision. However, we find the trial court erred in considering the provisions of the homeowners' insurance policy because the policy was not incorporated into or attached to Appellants' Petition. Nor did Progressive offer the policy into evidence at the hearing on its Exceptions (and without objection from Appellants), such that the "the pleadings are considered to have been enlarged." *City Nat'l Bank of Baton Rouge*, 599 So.2d at 789 (first citing *Hartman Enters.*, 582 So.2d at 202 n. 2); and then citing *Jordan*, 467 So.2d at 571). The trial court should have solely considered Appellants' Petition in ruling on Progressive's Exception of No Cause of Action, and the Notice Provision and the corresponding prejudice issue should not have even been factors in the trial court's decision to grant or deny the exception. Accordingly, we reverse the trial court's judgment sustaining Progressive's Peremptory Exception of No Cause of Action.

## DECREE

For the foregoing reasons, we reverse the trial court's June 5, 2024 judgment, insofar as it granted Progressive's Peremptory Exceptions of No Right of Action and No Cause of action and dismissed Appellants' claims against Progressive with prejudice. Additionally, because the trial court ruled in its June 5, 2024 judgment that Progressive's Motion to Opt Out had been rendered moot by its grant of Progressive's Exceptions, we reverse that part of the judgment too. We remand this matter for further proceedings consistent with this Opinion.

**REVERSED AND REMANDED**

19